# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIPLA LTD. and CIPLA USA, INC. | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 19-44-LPS |
| AMGEN INC. | : | |
| Defendant. | : | |

## ORDER

Having reviewed the parties' joint status report of February 1, 2019 (D.I. 34), IT IS HEREBY ORDERED that:

1. The Court is reserving time for a potential hearing on Friday, March 8 beginning at 9:00 a.m. The parties should presume that there will be a hearing at this time, although the contours of what will be addressed will be the subject of forthcoming briefing. Additionally, the Court may ultimately decide to reschedule the hearing. The Court is unable to accommodate Plaintiffs' request for a hearing no later than February 15 and finds, in any event, that it would be unfairly prejudicial to Defendant to do so.

2. Briefing on any motion to dismiss that Defendant may choose to file must be completed no later than March 1.

3. The parties shall file letter briefs describing their proposal(s) for how the Court should proceed, including: precisely the issues that should be the subject of a March 8 hearing; whether expert discovery (including report(s) and deposition(s)) will be useful, necessary, and feasible in advance of a March 8 hearing and, if so, what materials may be disclosed to such

1

expert(s); and how much time will be required at a March 8 hearing. The briefs shall be filed as follows: (i) Plaintiffs, no more than ten (double-spaced) pages, due February 7; (ii) Defendant, no more than ten (double-spaced) pages, due February 11; and (iii) Plaintiffs, no more than five (double-spaced) pages, due February 12.

4. The Court is unclear as to what, if anything, Plaintiffs are requesting the Court do with respect to the Teva Subpoena.

5. Based on a preliminary review, the Court finds that the parties' redactions (*see* D.I. 27, 28, 29, 30, 31, 32, 33) are grossly overbroad. Among other things, the parties have redacted Plaintiffs' legal theories. No authority has been provided to the Court for any redactions, let alone the extensive redactions that have been made. Should either party continue to wish that any redactions be made to the filings that have already been docketed, (i) such party or parties shall, no later than February 6, submit a revised proposed redacted version of such filing, accompanied by briefing supporting the specific proposed redactions as being appropriate under the governing legal standards; (ii) should such requests be filed, any party or other interested entity opposing the proposed redactions may, no later than February 8, file briefing with its position; and (iii) should any such briefing be filed on February 8, any party still supporting any redactions may, no later than February 9, file a reply brief.

6. Until further order of the Court, the parties shall file REDACTED VERSIONS of any sealed filing no more than twenty-four (24) hours after any such sealed filing.

7. The docket reflects at least two inquiries from potential intervenors. (*See* D.I. 21, 25) Should either of these entities, or any others, wish to intervene and participate in the forthcoming hearing, it must move in a formal and timely manner to do so.

8. For the time being, the Court is continuing to treat this matter as essentially a "duty matter." At an appropriate point the Court will determine whether this matter should be deemed "related" to C.A. No. 16-853-MSG.

February 4, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE