# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | |
| Plaintiff, | |
| v. | C.A. No. 19-44-LPS |
| AMGEN INC., | |
| Defendant. | |

## ORDER

At Wilmington this **19th** day of **February, 2019**, having reviewed the parties' most recent letter briefs (D.I. 38, 42, 44), and having discussed the matters raised therein with the parties during a lengthy teleconference on February 15, **IT IS HEREBY ORDERED** that:

1. The Court will hold a hearing on Friday, March 8, 2019, beginning at 11:00 a.m. Each side will be allocated two (2) hours for its presentation.

2. The issues to be addressed at the March 8 hearing are as follows:

    A. whether, and if so precisely how, Cipla is threatened with irreparable harm in the time between now and trial;

    B. Cipla's declaratory judgment claim with respect to the License Agreement and whether that agreement now authorizes Cipla to launch its proposed drug product;

    C. Cipla's contention that Amgen's '405 patent is now unenforceable due to patent misuse; and

    D. Amgen's motion to dismiss.

3. The parties shall provide the Court with additional briefing on the issues that will be addressed at the March 8 hearing – and on the precise questions the Court is being asked to

consider, whether the Court's answers are in any way "provisional" or alternatively "final," the burden and standard of proof, and the authority supporting the parties' positions on the foregoing issues – as follows: (i) Cipla brief, not to exceed twenty (20) pages, due February 25; (ii) Amgen brief, not to exceed twenty (20) pages, due March 4; and (iii) Cipla brief, not to exceed ten (10) pages, due March 6. Briefing on the motion to dismiss is NOT included in the above and shall continue on the schedule previously ordered.

4. For the parties' benefit, particularly in light of how quickly this matter is proceeding, and in hopes of assisting the parties to tailor their forthcoming briefs and presentations at the March 8 hearing, the Court advises the parties of its present inclinations:

    A. the Court is inclined to continue to find that Cipla has demonstrated, and will continue to demonstrate, a substantial risk it will suffer irreparable harm between now and trial, warranting the "speedy hearing" the Court is conducting pursuant to Federal Rule of Civil Procedure 57;

    B. Cipla is not likely to persuade the Court that the License Agreement presently authorizes Cipla to launch its proposed drug product; and

    C. Cipla is not likely to persuade the Court that Amgen's '405 patent is now unenforceable due to patent misuse.

The Court does not presently have an inclination as to the proper disposition of the motion to dismiss.

5. The Court anticipates that only attorney argument will be presented at the March 8 hearing. Should either side intend to present live testimony, or intend to rely in any manner on any expert, it must disclose specifically who and what such proposed evidence will be, to

opposing counsel and the Court, no later than **February 25, 2019**. Any party opposing such a request shall advise the Court of the dispute no later than **February 26, 2019**.

6. The parties are directed to meet and confer and submit to the Court, no later than **February 21, 2019**, a proposed protective order, which shall include, among any other provisions either party may propose, (a) a provision relating to the extent to which discovery produced in this case may also be used in C.A. No. 16-853-MSG, a matter which may ultimately be deemed to be related to the instant action, and (b) a provision relating to which in-house individual(s) may review materials that have to this point in this case been treated as attorneys-eyes-only.

7. Cipla is authorized to serve the Teva Subpoena. All rights Teva may have with respect to the subpoena are neither diminished nor affected by this Order.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT