# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., Plaintiff, v. AMGEN INC., Defendant. | C.A. No. 19-44-LPS |

## ORDER REGARDING REDACTIONS

At Wilmington this **19th** day of **February, 2019**, having reviewed the parties' various proposed redactions (cited throughout this Order), **IT IS HEREBY ORDERED** that, as and for the reasons detailed below:

1. By no later than tomorrow, **February 20, at 4:00 p.m.**, each party shall, to the extent it has not already been done, file on the docket unredacted versions of any previously-redacted filing that no party (i.e., Cipla Ltd., Cipla USA, Inc., and Amgen Inc.) still contends should be redacted.

2. With respect to transcripts of any teleconferences the Court has conducted with the parties in this matter to date, the parties shall meet and confer and (provided that the parties already have such transcripts in their possession), no later than **February 25**, submit a single, proposed redacted version of such transcript, along with a memorandum providing support for any proposed redactions. Should the parties disagree as to the specific redactions, they shall clearly indicate on a single copy of the transcript what portions each party is proposing to redact.

1

3. Going forward, a party filing any sealed document (including any sealed attachment) shall, **no later than twenty-four (24) hours after such filing**, file a proposed redacted version of such document, which shall incorporate any proposed redactions of any other party, in a single version clearly indicating what portions each party is proposing to redact. Such filing shall be accompanied by a memorandum providing support for any proposed redactions, including how the proposed redactions are consistent with this Order Regarding Redactions and any subsequent order of the Court.

4. Going forward, a party seeking to redact any portion of a transcript of a hearing with the Court (whether by teleconference or in-person), shall, **no later than three (3) business days after receiving the transcript** of such hearing, file a proposed redacted version of such transcript, which shall incorporate any proposed redactions of any other party, in a single version clearly indicating what portions each party is proposing to redact. Such filing shall be accompanied by a memorandum providing support for any proposed redactions, including how the proposed redactions are consistent with this Order Regarding Redactions and any subsequent order of the Court.

5. Cipla's request that the transcript of the February 15 teleconference be placed under seal (D.I. 51) is **GRANTED**, subject to the provisions of this Order Regarding Redactions.

6. The parties' latest proposed redactions (*see* D.I. 36, 37, 40, 41) remain overbroad. In particular, the following categories of information are not properly redacted under the specific circumstances of this case: any party's legal theories or claims, including the

2

relief it is seeking from the Court; and threats of litigation exchanged between the parties. While such information may be competitively sensitive, and/or may suggest or even reveal the contents of confidential agreements between the parties (and/or agreements with third parties), the public's right to access the courts substantially outweighs these private interests of the parties. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). While the "presumption of [public] access must be balanced against the factors militating against access," the burden of "show[ing] that the interest in secrecy outweighs the presumption" of access rests on the party or parties seeking redaction. *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citation omitted). The Court strenuously disagrees with any suggestion that this matter is of little or no public interest. (*See, e.g.*, D.I. 37 at 2-3; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("***[I]f a case*** involves private litigants, and ***concerns matters of little legitimate public interest***, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.") (emphasis added)) To the contrary, this case involves serious allegations of antitrust violations and patent misuse and has implications for whether and when certain FDA-approved medications may become available to the public (and at what cost). That these are matters of substantial and legitimate public interest is evident even from the parties' filings, which include publications focused on the specific product market involved in this case. (*See, e.g.*, D.I. 28 Exs. A-B) The Court will permit the parties (for now) to redact the specific terms of any confidential settlement or other agreement.

7. No later than **February 21** the parties shall cooperate to file redacted versions of each of the following documents in a manner consistent with the following rulings:

   A. *Complaint (D.I. 1)*: working from the redactions proposed by the parties at D.I. 41 Ex. 1, the redactions proposed at paragraphs 24-30 and 32 may be retained but the redactions at paragraph 31 and in the Prayer for Relief must be removed

   B. *Motion for Conference (D.I. 8)*: working from the redactions proposed by the parties at D.I. 41 Ex. 3, the redactions proposed at paragraphs 16-17, 21, and 23 may be retained but the redactions at paragraphs 24-25 must be removed; with respect to paragraph 31, the redactions to the first proposed sentence may be retained but all redactions in the next sentence ("The opportunity that . . . Amgen-Cipla Agreement.") must be removed

   *Exhibit D*: may be redacted in its entirety

   *Exhibit E*: may be redacted in its entirety

   *Exhibit F*: redactions proposed by Amgen (*see* D.I. 37 Ex. 3 at Ex. F)[1] may be retained, except the following must be removed: the redaction in the first paragraph of page 1; the redactions in the third and fifth paragraphs of page 2; and the redaction on page 3

   *Exhibit G*: redactions proposed by Amgen (D.I. 41 Ex. 3) may be retained

   C. *Cipla Letter of January 16, 2019* (D.I. 9): no redactions may be retained

   D. *Cipla Letter of January 23, 2019* (D.I. 17; D.I. 36 Ex. D): redactions on page 1 may be retained; first redaction on page 2 [i.e., immediately after "(the "Cipla

---

[1] To the extent the redactions subsequently proposed to this same document in D.I. 40 Ex. 1 and/or D.I. 41 Ex. 3 are more extensive than those proposed at D.I. 37 Ex. 3 at Ex. F, the more extensive redactions at D.I. 40 Ex. 1 and/or D.I. 41 Ex. 3 are to be removed.

Products").″ until "however"] may be retained; all other redactions on page 2 are to be removed

E. *Cipla Letter of January 24, 2019* (D.I. 22; D.I. 36 Ex. E): all redactions are to be removed except the second redaction on page 2 [i.e., immediately after "it is" until "(D.I. 20 ¶ 30)"]

F. *Cipla Letter of February 7, 2019* (D.I. 38, 39): all redactions are to be removed

G. *Amgen Letter of February 11, 2019* (D.I. 42, 43) and *Cipla's Letter of February 13, 2019* (D.I. 44, 45): the parties shall meet and confer and, no later than **February 21**, submit revised proposed redacted versions of these document that are consistent with the rulings contained in this Order Regarding Redactions

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT