# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**JACK B. BLUMENFELD**
(302) 351-9291
jblumenfeld@mnat.com

February 26, 2019

The Honorable Leonard P. Stark                  *VIA ELECTRONIC FILING*
United States District Court
844 North King Street
Wilmington, DE 19801

       Re:     *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc.*
                C.A. No. 19-44 (LPS)

Dear Chief Judge Stark:

      Last night, Plaintiff Cipla served Amgen with an amended complaint (D.I. 73). Cipla's new complaint, filed with no notice to Amgen (despite a recent meet-and-confer among the parties' counsel and numerous other communications between the parties over the last several days), supersedes the complaint that is the subject of Amgen's pending motion to dismiss. The amended complaint adds a new defendant—Teva—to the litigation, adds substantive new allegations, and adds prayers for new forms of proposed relief.[1] At the same time, Cipla filed its prehearing brief (D.I. 74), which is directed at both Amgen and the newly-added defendant, Teva. For the reasons that follow, Amgen submits that the filing of this amended complaint requires the adjournment of the hearing scheduled for March 8, as well as the suspension of all related Court-imposed deadlines and commitments among the parties.

      Despite Amgen's objections and due process concerns, the Court decided to hear and potentially rule on issues raised by the prior complaint through an unprecedented expedited proceeding. The Court set a hearing for March 8 to consider not only Amgen's motion to dismiss the original complaint, but also substantive arguments relating to issues raised by that complaint. Those arguments include factual and legal issues relating to Cipla's contract-related claims, factual and legal issues relating to Cipla's attempted invocation of the patent misuse doctrine, and Cipla's arguments that it is entitled to extraordinary "speedy" relief to address what Cipla claims to be a threat of "irreparable harm."

      When the Court set the March 8 hearing, it also directed the parties to engage in an unusually expedited briefing process to facilitate the Court's consideration of these substantive issues. The parties have further engaged with one another regarding highly expedited fact and expert discovery, all practically necessitated by the March 8 hearing date. For example, anticipating that Cipla would be relying upon support from a purported expert witness for arguments it intends

---

[1]     Amgen is filing separately under seal a redlined version of the Amended Complaint showing the vast changes from the original Complaint.

to make at the March 8 hearing, Amgen has been coordinating with Cipla to take the deposition, this week, of the proposed expert while also working with its own potential experts. Other briefs and filings are in process, as are other forms of expedited discovery. All of this unusually rushed activity has occurred at Cipla's request to enable swift judicial consideration of issues raised by Cipla's original complaint.

With the filing last night of Cipla's now substantially revised complaint, Amgen submits that the Court should promptly take the March 8 hearing off calendar, that all briefing and other deadlines associated with that hearing should be canceled, and that other commitments between the parties to engage in information exchanges and discovery should be suspended. Cipla has unilaterally, and without notice, reset this litigation around a new complaint, a new set of allegations, a new prayer for relief, and an expanded set of defendants.

Amgen requests, and due process dictates, that both Amgen and the newly named defendant, Teva, should:

- have a reasonable amount of time to review and assess the factual and legal claims raised by Cipla's newly amended complaint;

- have the opportunity, as provided by the Federal Rules of Civil Procedure, to move to dismiss or otherwise respond to the amended complaint;

- not be required to appear at a hearing on March 8, a little more than a week from today, to defend the merits of allegations and claims that have been re-crafted just yesterday; and

- not be required to proceed any further at this time with the extraordinarily expedited fact and expert discovery.

The circumstances leading to this unusually expedited schedule have now been superseded. Cipla, the party that prevailed upon the Court to order a "speedy" hearing based on its original complaint, has now unilaterally replaced that complaint with a new one. Cipla's amended complaint makes the existing schedule impossible. It adds a new party to the action, moots the existing briefing on Amgen's motion to dismiss, and raises various new factual and legal issues. . In short, it threatens to turn an already objectionable situation of Cipla's own making into a hearing by ambush. Amgen requests that the Court immediately adjourn the March 8 hearing and suspend all related commitments and deadlines. Amgen will be available at the Court's convenience for a status conference to discuss how best to proceed in light of the new complaint and substantively altered circumstances.

The Honorable Leonard P. Stark
February 26, 2019
Page 3

                                  Respectfully,

                                  */s/ Jack B. Blumenfeld*

                                  Jack B. Blumenfeld (#1014)

JBB/rah

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)