# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
jblumenfeld@mnat.com

Original Filing Date: February 26, 2019
Redacted Filing Date: Februrary 27, 2019

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc.*, C.A. No. 19-44 (LPS)

Dear Chief Judge Stark:

I write pursuant to this Court's Order of February 19, 2019, to object to Cipla's proposed expert witness, Robert Cunard.[1]  Cipla did not file a formal disclosure of any live testimony or proposed expert yesterday pursuant to Paragraph 5 of the Court's Order.  However, Cipla did submit a declaration from Mr. Cunard as a putative expert.  Amgen thus infers that Cipla does not intend to rely on live testimony, but does intend to rely on Mr. Cunard's declaration at the hearing.

As an initial matter, Amgen objects to Cipla's use of Mr. Cunard's declaration (or any live testimony) because Cipla cannot make him available for deposition at a reasonable time.  Before Cipla's surprise amended complaint filing yesterday, the parties had discussed setting Mr. Cunard's deposition on Thursday, February 28.  When Amgen asked to instead schedule the deposition to Saturday, March 2 to balance the need for both Amgen and Teva to review and evaluate the new complaint with Amgen's need to depose Mr. Cunard prior to its currently scheduled March 4 brief, Cipla declared that Mr. Cunard was entirely unavailable March 1-6.  In other words, Cipla's *own expert* for this purportedly emergency hearing is refusing to sit for deposition for *six* of the few days

---

[1] In providing this submission, Amgen reasserts its objections, set forth in its February 26, 2019 letter, to proceeding with the March 8 hearing fand with all related Court-imposed deadlines and associated commitments among the parties, particularly in light of Cipla's surprise filing of an Amended Complaint.  *See* D.E. 77.

The Honorable Leonard P. Stark
February 26, 2019
Page 2

available for potential deposition after Cipla filed an entirely new complaint. If Mr. Cunard cannot be made reasonably available for deposition, his testimony should not be considered or admitted.

Amgen also objects to Cipla's use of Mr. Cunard because Mr. Cunard does not offer any proper expert opinion. Cipla relies on Mr. Cunard primarily to offer two types of testimony, both improper: (1) purportedly "expert" guesses at *facts*—e.g., Mr. Cunard's speculation regarding the gross margin profits for Sensipar®, the extent to which Amgen has recaptured research and development costs, and the revenue generated by Teva during its launch—that are discoverable and should be proven via objective evidence, not Mr. Cunard's "estimate[s]"; and (2) straightforward fact testimony (e.g., the number of bottles of generic cinacalcet product that Teva shipped, the provisions of the Amgen-Teva agreement, and Cipla's current volume of product ready for immediate sale). Mr. Cunard's testimony on these subjects is improper. Accordingly, Amgen respectfully requests that Mr. Cunard's declaration be excluded in its entirety.

> **A.    Cipla's Use Of Mr. Cunard To Speculate About Knowable Facts Is Not Proper Expert Testimony.**

Cipla seeks to use Mr. Cunard to prove multiple *facts* in this case, apparently in an attempt to show that cinacalcet products have been profitable for Amgen and Teva. But even if the factual questions Mr. Cunard addresses were relevant—and the profitability of Sensipar® for Amgen, for example, is plainly not relevant to any issue this Court has indicated an intent to resolve on March 8—Mr. Cunard's *speculation* about the facts is not proper expert opinion.

Under the Federal Rules of Evidence, "[i]n order for an expert opinion to be admissible, the technique the expert employs in formulating an opinion must be reliable." *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996). "In contrast, if an expert opinion is based on speculation or conjecture, it may be stricken." *Id*. Mr. Cunard speculates about, at a minimum, the following facts: (1) the gross margin profits for Sensipar® (Decl. ¶ 16); (2) the extent to which

costs related to Sensipar®, including research and development costs, have already been recaptured by Amgen (*id.* ¶ 17); and (3) the revenue and profit that Teva received from sales of its generic cinacalcet product (*id.* ¶¶ 19-20).

Each of these facts could be proven or calculated based on financial data and information. But Mr. Cunard does not purport to have knowledge of such information or to have done any analysis on these topics specific to Amgen and Teva. Instead, he is simply offering that based on his "experience" in the industry, he "estimate[s] gross margin profits for Sensipar" at "90% or higher." He neither explains how this number relates to the industry nor provides any indication of what factors he considered in reaching this conclusion. For example, he does not claim to have evaluated the costs that Amgen incurred in developing Sensipar®, the revenues it has generated on Sensipar® over the life of the drug, or any financial reporting from Amgen. Mr. Cunard also speculates as to how much money Teva must have earned during its at-risk launch—again, a knowable fact directly provable with discovery from Teva—based on a small number of documents and information without any context, and without further evidence from Teva. In the absence of any reliable methodology which Amgen and the Court can evaluate, Mr. Cunard's conclusory assurance that his "experience" points him to the numbers he submits is insufficient to constitute valid expert opinion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (Rule 702 requires "that the expert explain the 'methodologies and principles' that support his opinion; he cannot simply assert a 'bottom line'").

If these facts were relevant to the issues the Court has proposed to consider on March 8— and they are not—Cipla could have sought to discover them. But it is improper to substitute an

The Honorable Leonard P. Stark
February 26, 2019
Page 4

expert's guesses about Amgen's and Teva's financial dealings for actual evidence of those facts. Mr. Cunard should not be permitted to offer such guesses.

    **B.    Cipla's Use Of Mr. Cunard To Provide Factual Testimony And A Legal Conclusion Is Not Proper Expert Testimony.**

Cipla also seeks to use Mr. Cunard as a substitute for providing factual testimony—even testimony available from its own witnesses. But Cipla cannot use Mr. Cunard as a mouthpiece to put forward facts about which he has no firsthand knowledge and which are offered simply in lieu of percipient witness testimony, not as the basis for any proper expert opinion.

For example, Cipla offers Mr. Cunard to testify as to his "understanding" of the terms of the Amgen-Teva Agreement. (*See, e.g.,* Decl. ¶¶ 20-22.) But the terms of that agreement are straightforward *facts* as to which expert testimony is superfluous; and the application of those terms to the issues in this case are *legal determinations* within the exclusive domain of the court. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("an expert witness is prohibited from rendering a legal opinion"); *Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 364 (D. Del. 2006) ("'[T]he proper scope of expert testimony intersects with the law of contract interpretation, which firmly prohibits expert testimony as to legal duties, standards or ramifications arising from a contract'") (quoting *N. Am. Philips Corp. v. Aetna Cas. & Sur. Co.*, C.A. No. 88C-JA-155, 1995 WL 628447, at *3 (Del. Super. Apr. 22, 1995)). Neither is the proper subject of expert testimony.

Cipla also offers Mr. Cunard as an apparent factual witness to testify as to Cipla's preparedness to enter the market, reciting ▋ ▋ (Decl. ¶ 25.) But Cipla provides no basis to think that Mr. Cunard applied some expertise to facts already in the record to reach this conclusion. *See* Fed. R. Evid. 702. To the contrary, Mr. Cunard is simply reciting a fact about which he could have no

The Honorable Leonard P. Stark
February 26, 2019
Page 5

firsthand knowledge. If Cipla seeks to prove its preparedness to enter, it must offer a fact witness who can speak to the issue and stand up to cross-examination on it, not the unsupported "understanding" of an expert who lacks personal knowledge as to what the facts are. (Decl. ¶ 25.) *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). It is "inappropriate for experts to become a vehicle for factual narrative." *SEC v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013).

Finally, Cipla cannot use Mr. Cunard to speculate that, as a factual matter, Amgen and Teva (a defendant in this lawsuit as of yesterday) are acting improperly.[2] Mr. Cunard shares his "opinion," for example, that Amgen is charging "monopoly level prices" as part of a "planned scheme" with Teva. (Decl. ¶ 15.) But Mr. Cunard neither has nor claims any expertise in what a "monopoly level price" is, and does not assert that he has calculated what a monopoly price (or a non-monopoly price) would be. And he certainly has no expertise in the psychology of what Teva and Amgen are "plann[ing]" to do. *Id.*; *see DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (holding that "the whole point of *Daubert* is that experts can't 'speculate'" but rather "need analytically sound bases for their opinions" and thus expert could not testify as to company's "particular motive").

Cipla's use of Mr. Cunard to marshal asserted facts in support of its legal arguments parallels the use rejected by the district court in New York when facing a similar non-expert "expert." There, the court rejected a party's attempt to provide an expert witness who "would be giving, in essence, a summation from the witness stand," in which he "would testify to and

---

[2] Indeed, Mr. Cunard has an irreconcilable bias that infects his characterization of Amgen's behavior in the patent litigation between Amgen and Teva, given that he was Chief Executive Officer for Aurobindo Pharma USA, Inc. while Aurobindo was a defendant in that same patent litigation.

The Honorable Leonard P. Stark
February 26, 2019
Page 6

summarize the relevant facts (as to which he ha[s] no personal knowledge) and then opine—or, more accurately, argue—that defendants" were engaged in misconduct. *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (S.D.N.Y. 2003). Such argument "is what a lawyer does in his or her summation to the jury"; it is "not the function of an expert witness." *Id.*; *see also Ford v. County of Hudson*, 2014 WL 2039987, at *14 (D.N.J. May 16, 2014) (refusing to "stamp the 'expert' label upon what is essentially summation argument" from an expert who merely "collects" record evidence and then "deems it" unlawful). That is all Cipla seeks to do with Mr. Cunard. He has no personal knowledge, and offers no reliable expert opinions. Instead, he simply recites Cipla's theory of its case, repackaging it as his "understanding" of the facts. That is improper.

*     *     *

Cipla's proffered testimony from Mr. Cunard offers nothing that would aid the Court in resolving any of the issues before it on March 8. Instead, Cipla simply seeks a mouthpiece for its factual allegations and its theories. Amgen respectfully requests that the Court exclude Mr. Cunard's testimony.

        Respectfully,

        */s/ Jack B. Blumenfeld*

        Jack B. Blumenfeld (#1014)

JBB/bac
Attachments

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)