IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No.: 19-cv-44-LPS |
| v. | ) |
| | ) **FILED UNDER SEAL** |
| AMGEN INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**BRIEF IN SUPPORT OF PROPOSED REDACTIONS**

In response to the Order dated February 19, 2019 (D.I. 55) Cipla Ltd. and Cipla USA, Inc. (collectively "Cipla" or "Plaintiffs") hereby submit this brief in support of the specific proposed redactions that have been submitted herewith.

The Third Circuit has held that courts may exercise the power to deny access to judicial records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). "Indeed, the Federal Rules of Civil Procedure empower courts to make any order that justice requires to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.' Fed.R.Civ.P. 26(c)." *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012).

The proposed redactions to Cipla's Response to Amgen's February 26 Letter (D.I. 83), dated February 27, 2019, are limited in scope and fall into two categories: 1) information regarding terms of confidential agreements; and 2) commercially sensitive business information. As to the terms of the confidential agreements, the Court has ordered that it will "permit the

parties (for now) to redact the specific terms of any confidential settlement or other agreement." (D.I. 55. ¶ 6)

The parties have also met and conferred regarding proposed redactions of commercially sensitive business information pursuant the Court's February 19 Order. (D.I. 55. ¶ 7G) Cipla believes that it would be irreparably harmed if its commercially sensitive information was made publicly available to its competitors. Amgen believes that it would suffer competitive harm if its commercially sensitive information was made publicly available to its competitors. These redactions also include third-party commercially sensitive information.

Both categories of information that have been redacted fall under the types of information contemplated in *Littlejohn* and *Mosaid Technologies* as warranting protection by the Court and are consistent with the Court's Order dated February 19, 2019 (D.I. 55).

## CIPLA'S RESPONSE TO AMGEN'S FEBRUARY 26 LETTER (D.I. 83)

The proposed redactions to Cipla's February 27th Letter (D.I. 83) are limited in scope. The proposed redactions disclose commercially sensitive business information of Cipla, Amgen, Teva, and/or third parties. These redactions are consistent with the Court's Order dated February 19, 2019 (D.I. 55. ¶ 6). Attached as Exhibit A is a highlighted version of the proposed redaction and attached as Exhibit B is the redacted version of D.I. 83.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and such further relief as the Court deems just and proper.

Dated: February 28, 2019

Of Counsel:

James W. Dabney
Patrice P. Jean
Dina Hoffer

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)

| | |
|---|---|
| Deanne K. Cevasco<br>David E. Lansky<br>Lynn M. Russo<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 837-6803<br>james.dabney@hugheshubbard.com<br>patrice.jean@hugheshubbard.com<br>dina.hoffer@hugheshubbard.com<br>deanne.cevasco@hugheshubbard.com<br>david.lansky@hugheshubbard.com<br>lynn.russo@hugheshubbard.com | 919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>(302) 777-0300 (Telephone)<br>   (302) 777-0301 (Facsimile)<br>srobinson@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiffs* |