IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMGEN INC. and ) <br> TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Defendants. ) | C.A. No. 19-044 (LPS) <br><br> REDACTED - PUBLIC VERSION <br><br> Original Filing Date: March 13, 2019 <br> Redacted Filing Date: March 14, 2019 |

## MOTION TO REDACT D.I. 120 and D.I. 122-126

Defendant Amgen Inc. ("Amgen"), pursuant to this Court's February 19, 2019 Order (D.I. 55) and March 12, 2019 Order Regarding Redactions (D.I. 128), hereby respectfully submits this motion in support of redactions to Defendant Amgen Inc.'s Partial Answer and Counterclaims to Cipla's First Amended Complaint (D.I. 120); Amgen's Opening Brief in Support of Motion for Preliminary Injunction (D.I. 122); and the Declarations of Christos Georghiou (D.I. 123), Jerry A. Hausman (D.I. 124), Colman B. Ragan (D.I. 125), and Joshua I. Rothman (D.I. 126) in support of Amgen's Motion for Preliminary Injunction.

The grounds for this motion are set forth below. Highlighted versions of the proposed redactions are attached hereto as Exhibits 1 (Answer and Counterclaims), 2 (Brief in Support of Preliminary Injunction Motion), 3 (Georghiou Declaration), 4 (Hausman Declaration), 5 (Ragan Declaration), and 6 (Rothman Declaration). Redacted versions of Exhibits 1-6 are attached as Exhibits 7-12, respectively.

Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records,

for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678. The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). And where, as here, the "case involves private litigants" and their confidential information, the interest of the party in maintaining the confidentiality of the proposed redacted information outweighs countervailing public interests. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

With these principles in mind, Amgen respectfully requests that its proposed redactions to its Partial Answer and Counterclaims to Cipla's First Amended Complaint, as well as to its papers in support of its Preliminary Injunction Motion, be permitted. All of these redactions relate to commercially sensitive business information of Plaintiffs or Defendants or reference terms or potential rights and obligations under the Cipla-Amgen or Amgen-Teva settlement agreements, and are consistent with the Court's directives provided in its February 19 Order (D.I. 55 at 4-5) and its March 12 Order (D.I. 128 at 2-5) on prior redaction requests in this case. With respect to Plaintiffs' commercially sensitive business information, Plaintiffs previously represented in their February 6, 2019 Memorandum in Support of Proposed Redactions that "Cipla would be irreparably harmed if such information was made publicly available to its competitors," (D.I. 36 at 1-2), which it has reiterated in subsequent submissions (D.I. 66, 69, 80,

84, 94, 102). With respect to confidential information of Defendants, disclosure of competitive information regarding Amgen's business strategy in response to potential future generic entry would cause irreparable harm to Amgen. And with respect to details of confidential settlement agreements, it is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Mars*, 2007 WL 496816, at *2. Public disclosure of confidential terms may "dampen [the party's] ability to negotiate effectively favorable terms" in the future and cause it to "suffer a competitive injury by having its [c]onfidential [i]nformation disclosed to the public." *Id.* Accordingly, Amgen respectfully requests approval of its proposed redactions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Adam H. Offenhartz
Eric J. Stock
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
((212) 351-4000

M. Sean Royall
Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 571-2900

March 13, 2019

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant*