**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIPLA LTD. and CIPLA USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 19-44-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| AMGEN INC. and TEVA PHARMACEUTICALS USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COUNTERCLAIMS**

Cipla Ltd. and Cipla USA, Inc. (collectively "Cipla"), by their attorneys, for their Answer to the counterclaims Amgen Inc. ("Amgen"):

1. Admits that Cipla and Amgen are parties to a Litigation Settlement Agreement dated February 26, 2018 (the "Amgen-Cipla Agreement"), refers to the Amgen-Cipla Agreement for the precise terms thereof, and except as so admitted denies the allegations of paragraph 1.

2. Denies the allegations of paragraph 2.

3. Denies the allegations of paragraph 3.

4. Denies the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Admits that the court has subject matter jurisdiction to hear Amgen's counterclaims, and except as so admitted denies allegations of paragraph 9.

10. Admits that cinacalcet hydrochloride is the active ingredient in SENSIPAR®, ad-

mits that SENSIPAR® is a medication marketed and sold by Amgen that is indicated for the treatment of secondary hyperparathyroidism and hypercalcemia in certain patients, except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Admits that Cipla filed Abbreviated New Drug Application No. 208915, refers to said application for the precise terms thereof, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Admits that Amgen commenced C.A. No. 16-880 on or about September 29, 2016, refers to Amgen's complaint in said action for the precise terms thereof, and except as so admitted denies the allegations of paragraph 12.

13. Admits that on or about February 26, 2018, Amgen and Cipla entered into the Amgen-Cipla Agreement, refers to said agreement for the precise terms thereof, and except as so admitted denies the allegations of paragraph 13.

14. Admits that on or about February 26, 2018, Amgen and Cipla entered into the Amgen-Cipla Agreement, refers to said agreement for the precise terms thereof, and except as so admitted denies the allegations of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Admits that a district court issued a ruling reported as *Amgen, Inc. v Amneal Pharmaceuticals, LLC,* 328 F. Supp. 3d 373 (D. Del 2018), refers to said ruling for the precise terms thereof, and except as so admitted denies the allegations of paragraph 16.

17. Admits that on or about December 27, 2018, the FDA approved an Abbreviated New Drug Application filed in the name of a unit of Teva Pharmaceuticals USA, Inc. ("Teva"),

and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Admits that on or about January 2, 2019, Amgen sent a letter to Cipla, refers to said letter for the precise terms thereof, and except as so admitted denies the allegations of paragraph 20.

21. Admits that Cipla commenced this action on January 8, 2019, refers to Cipla's complaint for the precise terms thereof, and except as so admitted denies the allegations of paragraph 21.

22. Admits that on March 2, 2019, Cipla sent a letter to Amgen, refers to said letter for the precise terms thereof, and accept and so admitted denies the allegations of paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

### COUNT I

24. Cipla's responses to paragraph 1-23, above, are re-alleged and incorporated by reference as if set forth in full.

25. Admits that on or about February 26, 2018, Amgen and Cipla entered into the Amgen-Cipla Agreement, refers to said agreement for the precise terms thereof, and except as so admitted denies the allegations of paragraph 25.

26. Admits that on or about February 26, 2018, Amgen and Cipla entered into the Amgen-Cipla Agreement, refers to said agreement for the precise terms thereof, and except as so

admitted denies the allegations of paragraph 26.

27. Admits that on or about February 26, 2018, Amgen and Cipla entered into the Amgen-Cipla Agreement, refers to said agreement for the precise terms thereof, and except as so admitted denies the allegations of paragraph 27.

28. Admits that the time referred to Section 5.2(a) of the Amgen-Cipla Agreement has not yet occurred, and except as so admitted denies the allegations of paragraph 28.

29. Admits that the date referred to in Section 5.2(c) of the Amgen-Cipla Agreement has not yet occurred, and except as so admitted denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Admits that Teva is a "Third-Party" within the meaning of Section 1.6 of the Amgen-Cipla Agreement, admits that Teva made a "Launch" within the meaning of Section 1.9 of the Amgen-Cipla Agreement on or about December 28, 2018, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. Admits that Section 5.5(a) of the Amgen-Cipla Agreement contains various terms, refers to said section for the precise terms thereof, and except as so admitted denies the allegations of paragraph 34.

35. Admits that Cipla sent Amgen a letter dated December 27, 2018, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Admits that Amgen and Teva entered into an agreement on or about January 2,

2019, and except as so admitted denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Admits that Section 5.5(a) of the Amgen-Cipla Agreement contains various terms, refers to said section for the precise terms thereof, and except as so admitted denies the allegations of paragraph 39.

40. Admits that Amgen sent a letter to Cipla dated January 2, 2019, refers to said letter for the precise terms thereof, and except as so admitted denies the allegations of paragraph 40.

41. Admits that Section 5.5(a) of the Amgen-Cipla Agreement contains various terms, refers to said section for the precise terms thereof, and except as so admitted denies the allegations of paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Denies the allegations of paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48.

## COUNT II

49. Cipla's responses to paragraphs 1-48, above, are re-alleged and incorporated by

reference as set forth in full.

50. Admits that Section 7.1(b) of the Amgen-Cipla Agreement contains various terms, refers to said section for the precise terms thereof, and except as so admitted denies the allegations of paragraph 50.

51. Denies the allegations of paragraph 51.

52. Denies the allegations of paragraph 52.

53. Denies the allegations of paragraph 53.

54. Denies the allegations of paragraph 54.

55. Denies the allegations of paragraph 55.

## FIRST AFFIRMATIVE DEFENSE

56. Amgen's counterclaims are barred, in whole or in part, by patent misuse, including the misuse grounds identified in D.I. 73, D.I. 74, D.I. 75, and D.I. 76.

## SECOND AFFIRMATIVE DEFENSE

57. Amgen's counterclaims are barred, in whole or in part, by unclean hands, including the deceptive and misleading conduct identified in D.I. 73 and D.I. 74.

WHEREFORE, Cipla prays that the Court:

    a. Dismiss Amgen's counterclaims with prejudice;

    b. Award Cipla such other and further relief as the Court may deem just and proper.

Dated: March 21, 2019

Of Counsel:

James W. Dabney
Patrice P. Jean
Dina Hoffer
Deanne K. Cevasco
David E. Lansky

Respectfully submitted,

FARNAN LLP

 /s/   Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor

Lynn M. Russo
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6803
james.dabney@hugheshubbard.com
patrice.jean@hugheshubbard.com
dina.hoffer@hugheshubbard.com
deanne.cevasco@hugheshubbard.com
david.lansky@hugheshubbard.com
lynn.russo@hugheshubbard.com
93550677

Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*