**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CIPLA LTD. and CIPLA USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No.: 19-cv-44-LPS |
| v. | ) | |
| | ) | **FILED UNDER SEAL** |
| AMGEN INC., and TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PROPOSED REDACTIONS**

In response to the Order dated February 19, 2019 (D.I. 55) and the Order dated March 12, 2019 (D.I. 128) Cipla Ltd. and Cipla USA, Inc. (collectively "Cipla" or "Plaintiffs") hereby submit this brief in support of the specific proposed redactions that have been submitted herewith.

The Third Circuit has held that courts may exercise the power to deny access to judicial records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). "Indeed, the Federal Rules of Civil Procedure empower courts to make any order that justice requires to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.' Fed.R.Civ.P. 26(c)." *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012).

The proposed redactions to the Answering Brief in Opposition to D.I. 121 dated March 21, 2019 (D.I. 163), the Second Declaration of Robert G. Cunard dated March 21, 2019 (D.I. 164) and the Second Declaration of David E. Lansky dated March 21, 2019 (D.I. 165), are limited in scope and fall into two categories: 1) information regarding terms of confidential

agreements; and 2) commercially sensitive business information. As to the terms of the confidential agreements, the Court has ordered that it will "permit the parties (for now) to redact the specific terms of any confidential settlement or other agreement." (D.I. 55. ¶ 6)

Cipla believes that it would be irreparably harmed if its commercially sensitive information was made publicly available to its competitors. Amgen believes that it would suffer competitive harm if its commercially sensitive information was made publicly available to its competitors. These redactions also include Teva's commercially sensitive information.

Both categories of information that have been redacted fall under the types of information contemplated in *Littlejohn* and *Mosaid Technologies* as warranting protection by the Court and are consistent with the Court's Order dated February 19, 2019 (D.I. 55) and the Court's Order dated March 12, 2019 (D.I. 128).

## ANSWERING BRIEF IN OPPOSITION TO D.I. 121 DATED MARCH 21, 2019 (D.I. 163)

The proposed redactions to the Answering Brief in Opposition to D.I. 121 dated March 21, 2019 (D.I. 163) are limited in scope. The proposed redactions either disclose commercially sensitive business information of Cipla, Amgen, or Teva, or relate to specific terms of the confidential Amgen-Cipla Agreement or the confidential Amgen-Teva Agreement. These redactions are consistent with the Court's Order dated February 19, 2019 (D.I. 55. ¶ 6) and the Court's Order dated March 12, 2019 (D.I. 128). Attached as Exhibit A is a highlighted version of the proposed redaction and attached as Exhibit B is the redacted version of D.I. 163.

## SECOND DECLARATION OF ROBERT G. CUNARD DATED MARCH 21, 2019 (D.I. 164)

The proposed redactions to the Second Declaration of Robert G. Cunard dated March 21, 2019 (D.I. 164) are limited in scope. The proposed redactions either disclose commercially sensitive business information of Cipla, Amgen, or Teva, or relate to specific terms of the

confidential Amgen-Cipla Agreement or the confidential Amgen-Teva Agreement. These redactions are consistent with the Court's Order dated February 19, 2019 (D.I. 55. ¶ 6) and the Court's Order dated March 12, 2019 (D.I. 128). Attached as Exhibit C is a highlighted version of the proposed redaction and attached as Exhibit D is the redacted version of D.I. 164.

## <u>SECOND DECLARATION OF DAVID E. LANSKY DATED MARCH 21, 2019 (D.I. 165)</u>

The proposed redactions to the Second Declaration of David E. Lansky dated March 21, 2019 (D.I. 165) are limited in scope. The proposed redactions either disclose commercially sensitive business information of Cipla, Amgen, or Teva, or relate to specific terms of the confidential Amgen-Cipla Agreement or the confidential Amgen-Teva Agreement. These redactions are consistent with the Court's Order dated February 19, 2019 (D.I. 55. ¶ 6) and the Court's Order dated March 12, 2019 (D.I. 128). Attached as Exhibit E is a highlighted version of the proposed redaction and attached as Exhibit F is the redacted version of D.I. 165.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and such further relief as the Court deems just and proper.

Dated: March 22, 2019

Of Counsel:

James W. Dabney
Patrice P. Jean
Dina Hoffer
Deanne K. Cevasco
David E. Lansky
Lynn M. Russo
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6803
james.dabney@hugheshubbard.com
patrice.jean@hugheshubbard.com
dina.hoffer@hugheshubbard.com
deanne.cevasco@hugheshubbard.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

david.lansky@hugheshubbard.com
lynn.russo@hugheshubbard.com