IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No.: 1:19-cv-00044-LPS |
| v. | ) |
| | ) **FILED UNDER SEAL** |
| AMGEN INC., and TEVA PHARMACEUTICALS USA, INC., | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF PROPOSED REDACTIONS**

In response to the Order dated February 19, 2019 (D.I. 55), the Order dated March 12, 2019 (D.I. 128), the Order dated April 2, 2019 (D.I. 181 at 37:6-11), and the Order dated May 3, 2019 (D.I. 192), Cipla Ltd. and Cipla USA, Inc. (collectively "Cipla" or "Plaintiffs") hereby submit this brief in support of the specific proposed redactions that have been submitted herewith.

The Third Circuit has held that courts may exercise the power to deny access to judicial records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). "Indeed, the Federal Rules of Civil Procedure empower courts to make any order that justice requires to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.' Fed.R.Civ.P. 26(c)." *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012).

The proposed redactions to the Second Declaration of Lynn M. Russo, dated May 29, 2019 (D.I. 210) are limited in scope and fall into two categories: 1) information regarding terms of confidential agreements; and 2) commercially sensitive business information.

**Second Declaration of Lynn M. Russo Exhibits 1-2**

As to the litigation settlement agreements between Amgen and third parties, the Court has ordered that that those agreements be kept under seal and maintained as outside counsel only until further order of the Court (D.I. 181 at 37:6-11). The redactions to D.I. 210 include Amgen confidential agreements with third parties.

**Second Declaration of Lynn M. Russo Exhibits 3, 5, and 7**

Exhibits 3, 5, and 7 contain Teva's commercially sensitive information that the parties have agreed should be maintained as highly confidential outside counsel only information.

**Second Declaration of Lynn M. Russo Exhibit 4**

Exhibit 4 is excerpts from the transcript of the January 25, 2019 Telephone Conference with the Court (D.I. 24), that remains under seal.

All categories of information that have been redacted fall under the types of information contemplated in *Littlejohn* and *Mosaid Technologies* as warranting protection by the Court and are consistent with the Court's Order dated February 19, 2019 (D.I. 55), the Court's Order dated March 12, 2019 (D.I. 128), the Court's Order dated April 2, 2019 (D.I. 181 at 37:6-11), and the Court's Order dated May 3, 2019 (D.I. 192).

Attached as Exhibit A is a highlighted version of the proposed redactions and attached as Exhibit B is the redacted version of D.I. 210.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and such further relief as the Court deems just and proper.

Dated: May 30, 2019

Of Counsel:

James W. Dabney
Patrice P. Jean
Dina Hoffer
Deanne K. Cevasco
David E. Lansky
Lynn M. Russo
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6803
james.dabney@hugheshubbard.com
patrice.jean@hugheshubbard.com
deanne.cevasco@hugheshubbard.com
david.lansky@hugheshubbard.com
lynn.russo@hugheshubbard.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*

3