IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 19-44 (LPS) |
| | ) |
| AMGEN INC. and | ) REDACTED - PUBLIC VERSION |
| TEVA PHARMACEUTICALS USA, INC., | ) |
| | ) Original Filing Date: May 28, 2019 |
| Defendants. | ) Redacted Filing Date: May 31, 2019 |
| AMGEN INC., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CIPLA LTD. and CIPLA USA, INC., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

**DEFENDANTS' JOINT MOTION TO REDACT HEARING TRANSCRIPT (D.I. 182)**

Defendants Amgen Inc. ("Amgen") and Teva Pharmaceuticals USA, Inc. ("Teva"), pursuant to the May 15, 2019 Notice of Intent to Request Redaction (D.I. 207) and the deadline to file redactions associated therewith (D.I. 181), hereby respectfully submit this motion in support of redactions to the sealed portion of the April 2, 2019 preliminary injunction hearing transcript (D.I. 182).[1]

The grounds for this motion are set forth below. A highlighted version of the proposed redactions is attached hereto as Exhibit A, and a redacted version is attached as Exhibit B.

Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir.

---

[1] Pursuant to D. Del. L.R. 7.1.1, the parties met and conferred on the redactions proposed herein. There is no opposition to this Motion to Redact.

1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678. The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007).

With these principles in mind, Amgen and Teva respectfully request that their limited proposed redactions to the preliminary injunction hearing transcript be permitted. The proposed redactions include redactions to terms and potential rights and obligations under the confidential Teva-Amgen agreement and other confidential Teva agreements with third parties discussed during the April 2 hearing. It is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Mars*, 2007 WL 496816, at *2. Public disclosure of confidential terms may "dampen [the party's] ability to negotiate effectively favorable terms" in the future and cause it to "suffer a competitive injury by having its [c]onfidential [i]nformation disclosed to the public." *Id.* The proposed redactions also include redactions to confidential deposition testimony of Teva witnesses about Teva's business practices and contractual arrangements that may harm Teva's standing in the marketplace if publicly disclosed.

Moreover, Defendants' proposed redactions are consistent with the Court's directives provided in its February 19 Order (D.I. 55 at 4-5) and its March 12 Order (D.I. 128 at 2-5) on prior redaction requests in this case, and account for subject matter made public by way of the

Court's May 2, 2019 Memorandum Opinion (D.I. 186).[2]  The only proposed transcript redactions are to portions of the hearing that took place while the courtroom was sealed, and are primarily directed at portions of the hearing that took place after Cipla's own in-house counsel was excluded from the proceedings due to the discussion of Teva's outside attorneys' eyes only materials.  (4/2/19 Tr. (D.I. 182) at 22:13-23:20).

      Accordingly, Defendants respectfully requests approval of their proposed redactions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

M. Sean Royall
Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
(214) 571-2900

Jeffrey T. Thomas
Adam H. Offenhartz
Eric J. Stock
Kate Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Amgen Inc.*

---

[2] None of the proposed redactions directed at the Teva-Amgen agreement are to language necessary for the public to understand the Court's unsealed analysis of the Teva-Amgen agreement provided in the May 2 Memorandum Opinion.

|  |  |
|---|---|
| | SHAW KELLER LLP |
| | */s/ Karen E. Keller* |
| OF COUNSEL:<br><br>Henninger S. Bullock<br>Richard A. Spehr<br>Karen W. Lin<br>MAYER BROWN<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 506-2500<br><br>May 28, 2019 | John W. Shaw (#3362)<br>Karen E. Keller (# 4489)<br>David M. Fry (# 5486)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br><br>*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |