## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | |
| Plaintiffs, | Civil Action No. 19-44-LPS |
| vs. | |
| AMGEN INC., and TEVA PHARMACEUTICALS USA, INC., | |
| Defendants. | |

### [~~PROPOSED~~] SCHEDULING ORDER

This 20th day of June, 2019, the Court having consulted with the parties' attorneys and received a joint proposed scheduling order, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED THAT:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within fourteen (14) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before July 31, 2019.

1

Defendants' deadline to Answer or Otherwise Respond to the currently operative Amended Complaint, or to any superseding Amended Complaint, shall be on or before September 16, 2019.

3. Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before August 6, 2020.

    b.    Document Production.  Document production shall be substantially complete by April 24, 2020.

    c.    Requests for Admission. A maximum of 25 requests for admission are permitted for each party.

    d.    Interrogatories

        (i)    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each party.

        (ii)    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    Depositions

        (iii)    Limitation on Hours for Deposition Discovery.  Each side is

limited to a total of 80 hours of taking testimony of the other party by deposition upon oral examination. The 80 hour limitation excludes third party and expert depositions.

(iv)   Location of deposition. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within the United States. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f.   Disclosure of Expert Testimony

(v)   Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before September 14, 2020. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 2, 2020. Reply expert reports from the party with the initial burden of proof are due on or before December 4, 2020. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall

close February 1, 2021.

    (vi)    Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g.    Discovery Matters and Disputes Relating to Protective Orders

    (vii)    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    (viii)    Should counsel find, after good faith efforts - including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware     Counsel: _ _ _ _ _ _ _ _ _ _

Lead     Counsel: _ _ _ _ _ _ _ _ _ _ _ _

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

> (ix)   On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.
>
> (x)   Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.
>
> (xi)   Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

4.   Motions to Amend

    a.   Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a

letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5. Motions to Strike

a. Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

6. There is currently a Stipulated Protective Order in place. D.I. 129. The parties shall submit an updated protective order for Court approval on or before June 12, 2019.

7. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk

an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8. Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

10. Interim Status Report. On _Aug. 6, 2020_, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.

12. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 8, 2021. Briefing will be presented pursuant to the Court's Local Rules, except that responsive briefs shall be served and filed on or before April 12, 2021, and reply briefs shall be served and filed on or before May 3, 2021. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

13. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. Pretrial Conference. On ~~September~~ *Oct.* 1, 2021, the Court will hold a pretrial conference in Court with counsel beginning at ~~10:00~~ 11:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order, which accompanies this Scheduling Order on or before September 20, 2021. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

15. Motions in Limine. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No

separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

16. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

17. Trial. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on October 18, 2021, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

SO ORDERED, this 20th day of ~~May~~ June, 2019.

_____
The Honorable Leonard P. Stark