# EXHIBIT 2

**Nos. 2019-1650, 2019-1770**

# In the United States Court of Appeals for the Federal Circuit

———
AMGEN INC.
  *Plaintiff-Appellant*

  *v.*

WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC.,
  *Defendants-Appellees,*

CIPLA LIMITED, CIPLA USA INC.,
  *Defendants-Amici Curiae*,

AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS OF NEW YORK LLC, CADILA HEALTHCARE LTD., DBA ZYDUS CADILA, PIRAMAL HEALTHCARE UK LIMITED, SUN PHARMA GLOBAL FZE, SUN PHARMACEUTICAL INDUSTRIES, INC., SUN PHARMACEUTICAL INDUSTRIES, LTD., ZYDUS PHARMACEUTICALS (USA) INC.,
  *Defendants*.

*On appeal from the United States District Court for the District of Delaware, Case No. 1:16-cv-00953-MSG*
———

**BRIEFS FOR DEFENDANTS-APPELLEES WATSON LABORATORIES, INC. and ACTAVIS PHARMA, INC.**
———

| | |
|---|---|
| GEOFFREY P. EATON | GEORGE C. LOMBARDI |
| LAUREN GAILEY | CHRISTOPHER B. ESSIG |
| *Winston & Strawn LLP* | ZACHARY L. SORMAN |
| *1700 K Street, NW* | *Winston & Strawn LLP* |
| *Washington, DC 2006* | *35 W. Wacker Drive* |
| *(202) 282-5000* | *Chicago, IL 60601* |
| | *(312) 558-5600* |

*Counsel for Defendants-Appellees Watson Laboratories, Inc. and Actavis Pharma, Inc.*

# CERTIFICATE OF INTEREST
# [Watson Laboratories, Inc. and Actavis Pharma, Inc.]

**1.     Full name of party represented by us:** Watson Laboratories, Inc. and Actavis Pharma, Inc.

**2.     Name of any real party in interest not identified in response to question 3:** Watson Laboratories, Inc. and Actavis Pharma, Inc.

**3.     Parent corporations and publicly held companies that own 10% or more of the stock in the party:**

Watson Laboratories is an indirect wholly owned subsidiary of Teva Pharmaceuticals USA, Inc., which is an indirect wholly owned subsidiary of Teva Pharmaceutical Industries Ltd., which is a publicly traded company. Teva Pharmaceutical Industries Ltd. is the only publicly traded company that owns 10% or more of the stock of Teva Pharmaceuticals USA, Inc. and Watson Laboratories.

Actavis Pharma is an indirect wholly owned subsidiary of Teva Pharmaceuticals USA, Inc., which is an indirect wholly owned subsidiary of Teva Pharmaceutical Industries Ltd., which is a publicly traded company. Teva Pharmaceutical Industries Ltd. is the only publicly traded company that owns 10% or more of the stock of Teva Pharmaceuticals USA, Inc. and Actavis Pharma.

**4.     The names of all law firms and the partners and associates that have appeared for the party now represented by us in the agency or are expected to appear for the party in this court are (and who have not or will not enter an appearance in this case):**

From Shaw Keller LLP: John W. Shaw, David, M. Fry, Karen E. Keller; from Haynes & Boone LLP: Elizabeth M. Crompton, John W. Bateman, and C. Kyle Musgrove; from Winston & Strawn LLP: Elizabeth E. Grden

**5.     The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeals.**

Watson is aware of the following pending cases that may be directly affected by the decision here:

1) *Amgen Inc. v. Amneal Pharmaceuticals LLC*, Nos. 18-2414 (docketed Sept. 25, 2018) and 19-1086 (docketed Oct. 16, 2018) (Fed. Cir.). These consolidated cases concern the same district court case and relate to the same patent (U.S. Patent No. 9,375,405). These cases have been fully briefed and were argued on October 1, 2019 before Judges Newman, Lourie, and Taranto.

2) *Cipla Ltd. v. Amgen Inc.*, No. 19-cv-44 (filed Jan. 8, 2019) (D. Del). This case involves a settlement agreement between Amgen and Cipla relating to U.S. Patent No. 9,375,405.

3) *Amgen Inc. v. Accord Healthcare, Inc.*, No. 18-cv-956 (filed June 28, 2018) (D. Del.). Amgen has asserted U.S. Patent No. 9,375,405 against the defendants in that case.

*Sandoz Inc.*, 796 F.3d 1293, 1311 (Fed. Cir. 2015). Under this standard, reversal is only appropriate when this Court "is left with a definite and firm conviction that the district court was in error." *Eli Lilly*, 845 F.3d at 1364.

"A district court has broad discretion in determining witness credibility, and [this Court gives] great deference to those determinations." *SynQor, Inc. v. Artesyn Techs., Inc.*, 635 F. App'x 891, 894 (Fed. Cir. 2015). "Credibility determinations by the trial judge can virtually never be clear error." *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006) (quotation omitted).

## ARGUMENT

### I. Watson does not challenge the order denying vacatur, but clarifies that it has not admitted infringement.

Watson elected not to appeal the order denying the parties' joint motion to vacate the noninfringement judgment, and therefore takes no position on that issue. *See* Appx5239. However, a clarification is in order. To the extent that Amgen's arguments in favor of vacatur use language in the parties' pending settlement agreement as substantive evidence of infringement (*see, e.g.*, Amgen's Confidential Opening Brief ("Br.") 1, 3, 5, 11, 16, 21-24, 26, 30), Watson emphasizes that it was willing to stipulate to that language *solely* for the limited purpose of settling this case.[3]

---

[3] Amgen points to language in the parties' proposed consent judgment as the source of the purported "admission," but the consent judgment has not yet been entered.

16

Stated simply, Watson has not admitted infringement. Notably, Amgen never argues that Watson's purported admission is relevant to this Court's review of the merits. *See* Br. at 37-53 (arguing the merits of the noninfringement judgment without reference to the purported admission). Nor could it, as Watson's statements about infringement were made in furtherance of a proposed settlement that has not gone into effect, and Amgen thus cannot use it "to prove or disprove the validity" of its infringement claim. *See* Fed. R. Evid. 408(a)(1); *Park v. Ahn*, 778 F. App'x 129, 133 (3d Cir. 2019) ("Rule 408 … now prohibits the use of *all* statements made during settlement negotiations to prove the validity of a claim." (citation omitted)); *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 530 (3d Cir. 1995).

*Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360 (Fed. Cir. 2017), which Amgen cites to suggest that it is "appropriate to take Watson at its word" about its infringement statements (Br. at 23), does not prove otherwise. That case merely affirmed the admissibility of the patentee's settlement agreement with AT&T for the purpose of setting reasonable royalty damages in a trial against Sprint (*id.* at

---

*See* Appx2. Amgen maintains that, "until th[e] 'Effective Date'" of the agreement, which is tied to the entry of the consent judgment, "[c]ertain elements of the parties' dispute, such as [its] agreement to release its claims for damages … and [Watson]'s agreement to pay Amgen … will not be resolved." Doc. 53 at 3-4. Accordingly, "the parties' [settlement] agreement does not become fully effective until entry of [the] consent judgment." Br. 24. So under Amgen's own reading, an admission that future sales "would infringe," offered in consideration for a release of liability, could not yet have taken effect. *See* Appx2.

17

1368), which has no bearing on whether a party's own statements made in a settlement agreement that never went into effect may be used to prove its liability.

**II.     If the district court's ruling is not vacated pursuant to the settlement agreement, it should be affirmed on the merits.**

If the Court declines to reverse the district court's ruling on the motion to vacate and decides this appeal on the merits, the district court's ruling should be affirmed for several independent reasons.[4]

*First*, the district court's finding of noninfringement correctly applied the applicable legal standards and found that Amgen failed to meet its burden of proof. Rather than providing particularized testimony, Amgen's expert provided only conclusory assertions that were flatly contradicted by the only document he presented to support them.  By contrast, the district court found that Watson's expert provided comprehensive rebuttal testimony that was supported by peer-reviewed literature. The district court's credibility determinations led to findings of fact that are strongly supported by the record and are entitled to great deference.

*Second*, and alternatively, the district court's finding of noninfringement can be affirmed on the basis of prosecution history estoppel.  Although the district court did not need to reach this issue in order to find in Watson's favor, an examination of

---

[4] As noted, Amgen does not argue that Watson's purported "admission" in the settlement agreement is a basis for reversal, and such an argument would be meritless in any event.  *See supra* at 17.

18

the record shows that, in order to overcome the prior art, the Examiner and Amgen agreed to an amendment that narrowed the disintegrant limitation in claim 1 from "any disintegrant" to a Markush group naming only three individual disintegrants. This was not a mere clarifying amendment that falls within the exceptions to the doctrine of prosecution history estoppel—it was an unequivocal surrender of the right to claim that the use of L-HPC infringes claim 1 under the doctrine of equivalents.

*Finally*, the district court's finding of noninfringement should not be overturned even if the claim construction ruling is reversed. Amgen asks for a mulligan based on its alleged "confusion" at trial but it is not entitled to one. The claim construction would have pertained to the issue of *literal* infringement, but Amgen has never contended that Watson's ANDA Products literally infringe the disintegrant limitation of claim 1. Amgen does not (and cannot) argue that the district court's ruling had any effect on the arguments it presented at trial as they relate to Watson. Accordingly, any error in the claim construction would be harmless.

**A.     The district court properly found no infringement under the doctrine of equivalents.**

The district court properly found that Amgen failed to satisfy its burden to prove infringement under the doctrine of equivalents. The district court found that the testimony of Amgen's expert failed to meet this Court's requirement that "*a pa-*

19