IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS) ANTITRUST LITIGATION | ) ) ) | MDL No. 19-2895 (LPS) |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-44 (LPS) |
| AMGEN INC. and TEVA PHARMACEUTICALS USA, INC., | ) ) ) | |
| Defendants. | ) ) | |
| AMGEN INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Counterclaim-Defendants. | ) | |

### [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS discovery in the above-captioned case (the "Action") may involve the disclosure of certain documents, things, and information in the possession, custody or control of Cipla Limited or Cipla USA, Inc. ("Cipla" or "Plaintiff"), Amgen Inc. ("Amgen"), or Teva Pharmaceuticals USA, Inc. ("Teva"), or other persons that constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development, or commercial information, within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS such trade secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this Action and to prevent unnecessary dissemination or disclosure of such trade secret, confidential, or proprietary information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

Therefore, the following provisions of this Order shall control the disclosure, dissemination, and use of information in this Action:

## SCOPE

1.     This Protective Order shall apply to all documents, records, correspondence between counsel, depositions, pleadings, exhibits, and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this Action (collectively, "Discovery Material").

2.     As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown, or is exposed to Discovery Material according to this Protective Order.

3.     This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires protection under this Protective Order.

## DESIGNATION

4.     Any Producing Party may designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL'S EYES ONLY" (hereinafter,

"Designated Information") in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY information as defined in Paragraphs 5,  6, and 7.  The burden of establishing that Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY as defined herein shall be on the Producing Party.  The designation of any Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

5.     CONFIDENTIAL Discovery Material shall mean Discovery Material that a Producing Party in good faith claims to constitute or contain (i) confidential research, (ii) confidential development, financial, commercial, marketing, or business information of a technical or non-technical nature, (iii) trade secrets, know how, or proprietary data relating to research, development, financial, commercial, marketing, or business subject matter of a technical or non-technical nature, (iv) any other information or materials the disclosure of which is likely to harm the competitive position of the Producing Party, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court; (v) information or materials that may be required to be designated as such under applicable foreign law; and (vi) information or materials which the Producing Party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

6.     HIGHLY CONFIDENTIAL Discovery Material shall mean otherwise CONFIDENTIAL Discovery Material which, in the good faith opinion of the Producing Party, constitutes or contains information that is more sensitive or strategic than CONFIDENTIAL Discovery Material, including, without limitation:

a.      The names, or other information tending to reveal the identities, of a Party's suppliers, present or prospective customers, or distributors or the personal information of a Party's employees;

b.      The terms and pricing of distribution or supply agreements;

c.      Information relating to pending patent applications;

d.      Information the Producing Party believes is a proprietary trade secret;

e.      Settlement agreements relating to any cinacalcet hydrochloride product and/or documents reflecting actual or potential terms of such settlement agreements, including but not limited to negotiations of such agreements;

f.      Financial information of a Party, including, but not limited to, identifying the number of products sold, total dollar value of products sold, and profit margins for products, both forecasted and actual;

g.      Information constituting product specifications, formulations and/or regarding the manufacture of the Party's proposed or potential products;

h.      Technical notebooks and technical reports of a Party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information;

i.      Confidential marketing plans, market research and business strategy, including research regarding competitors;

j.      Personal information and/or identities of physicians and patients;

k.      All information relating to a Party's research and development efforts; and

l.      New Drug Applications and Abbreviated New Drug Applications (including any supplements, amendments, and FDA correspondence).

7.      OUTSIDE COUNSEL'S EYES ONLY Discovery Material means extremely sensitive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, disclosure of which to another Party or Non-Party, as opposed to their outside counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means.  OUTSIDE COUNSEL'S EYES ONLY Discovery Material includes only the following material:

a.      Discovery Material revealing third-party confidential information that the Producing Party has agreed with the third party to produce only with OUTSIDE COUNSEL'S EYES ONLY treatment;

b.      Discovery Material agreed upon by the parties to be OUTSIDE COUNSEL'S EYES ONLY; and

c.      Discovery Material ordered by the Court to be OUTSIDE COUNSEL'S EYES ONLY.

8.      To the extent any Party contends that Outside Counsel's Eyes Only treatment is necessary or appropriate for material other than that designated in Section 7(a)–(c), the Parties will meet and confer regarding whether such material can be designated Outside Counsel's Eyes Only.

9.      Information to be treated under this Protective Order as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY shall include but not be limited to:

a.      Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced, for example under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with the following legends or their substantial equivalents:

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL'S EYES ONLY."

b.      Information revealed by inspection of things and premises under Fed. R. Civ. P. 34.  Such information will be treated as HIGHLY CONFIDENTIAL until the Discovery Material is produced and marked in accordance with Paragraph 9(a).  There will be no waiver of confidentiality by the inspection of Designated Information before it is copied and marked pursuant to this Order.  Unless otherwise agreed by the Producing Party, inspection of Discovery Material by any party may only be conducted by Qualified Persons under Paragraph 15 below.

c.      Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30.  Such information shall be considered HIGHLY CONFIDENTIAL for twenty-one (21) calendar days following receipt of the final transcript by counsel for the Producing Party, but not thereafter unless, before the twenty-one (21) calendar day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing that Designated Information is set forth in the transcript, or during the deposition, counsel for the Producing Party or any other party designates the transcript as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY Discovery Material.  The legend described in Paragraph 9(a) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing Designated Information.

d.      Any summary, compilation, notes, memoranda, analysis or copy containing CONFIDENTIAL INFORMATION and any electronic image or database containing CONFIDENTIAL INFORMATION shall be considered CONFIDENTIAL INFORMATION to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  Any summary, compilation,

notes, memoranda, analysis or copy containing HIGHLY CONFIDENTIAL INFORMATION and any electronic image or database containing HIGHLY CONFIDENTIAL INFORMATION shall be considered HIGHLY CONFIDENTIAL INFORMATION to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  Any summary, compilation, notes, memoranda, analysis or copy containing OUTSIDE COUNSEL'S EYES ONLY INFORMATION and any electronic image or database containing OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be considered OUTSIDE COUNSEL'S EYES ONLY INFORMATION to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

## USE

10.    Designated Information under this Protective Order may be used only for purposes of this Action and C.A. 16-853-MSG, including any appeal and/or Alternative Dispute Resolution forums therefrom, and shall not be used for any other purpose including, but not limited to: research, development, manufacture, financial, commercial, business, marketing, proprietary, governmental, regulatory, competitive or legal purpose (except for settlement of the above-captioned case); any other litigation, arbitration or claim; in connection with the preparation or prosecution of any patent application; or in any foreign or domestic invalidity, opposition, *inter partes* review, post-grant review, reissue, or reexamination proceedings.  Absent consent of the Producing Party and/or further order of this Court, all Qualified Persons receiving or having access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY are expressly prohibited from using or disclosing such information in connection with any practice before, or communication with, the United States Patent and Trademark Office, the FDA (including in any Citizen Petition or controlled correspondence), the

United States Pharmacopoeia, or their respective counterpart organizations in any foreign jurisdiction. Nothing in this paragraph shall preclude a party receiving Designated Information from requesting the production of the same materials in co-pending, related, or subsequent litigation.

11.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Designated Information produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to access Designated Information, the attorney shall not disclose the contents of Designated Information produced by any other party or non-party to anyone not authorized under this Protective Order to receive the Designated Information.

12.     Non-parties may designate as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action and any such Designated Information shall be treated by the parties to this Action in the same manner as Designated Information so designated by a party. Non-parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.

13.     Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Designated Information.

## DISCLOSURE

14.     The term "OUTSIDE COUNSEL" means

a.     Outside counsel of record who have made an appearance in this Action, and employees at their firms;

b. Current or former employees of any Party who are authors, addressees, or recipients of the OUTSIDE COUNSEL'S EYES ONLY INFORMATION;

c. Outside independent experts and consultants of the Receiving Party, who have first signed the Declaration of Compliance attached hereto as Exhibit A, who are assisting outside counsel of record for the Receiving Party in this action, and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization;

d. The Court and Court personnel, including stenographic reporters;

e. Professional vendors who are assisting outside counsel of record for the Receiving Party in this action; and

f. Others as to whom the Producing Party has given written consent.

15. The term "Qualified Person" means:

a. Outside counsel of record who have made an appearance in this Action, and employees at their firms;

b. No more than four specifically-designated "In-House Counsel" (of the Receiving Party) per Party, where "In-House Counsel" is defined as U.S. attorneys admitted to practice in the U.S. Such In-House Counsel shall have a need to know the Designated Information to fulfill his or her duties and responsibilities in connection with this litigation, and meet the requirements of Paragraphs 20–21, as well as paralegals, assistants, in-house information technology providers, and clerical employees who support such in-house personnel. For each respective Party, the specifically identified In-House Counsel and their titles are set forth as follows (if not listed below, names and titles will be provided at least ten (10) business days prior

to any such In-House Counsel being provided access to CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION):

    i. For Amgen:

      1. Jonathan Graham (Senior Vice President, General Counsel and Secretary)
      2. Kimberly Dunne (Vice President, Law)
      3. Mary Beth Cantrell (Senior Associate General Counsel)
      4. Diane Mendez (Senior Counsel)

    ii. For Teva:

      1. Brian Savage (General Counsel - US Generics)
      2. Norv McAndrew (Senior Vice President, General Counsel - Global Litigation)

    iii. For Cipla:

      1. Andrew Shanth (AS) Kumar (Global General Counsel)
      2. Kartik Shastry (Legal Counsel)

The Parties may, as necessary, substitute on a one-for-one basis other In-House Counsel meeting the above criteria for the above-listed individuals, provided that the substituting Party gives the other Parties ten (10) business days' notice prior to said substitution.

    c.    Current or former employees of any Party who are authors, addressees, or recipients of the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or OUTSIDE COUNSEL'S EYES ONLY;

    d.    Outside independent experts and consultants of the Receiving Party who are assisting outside counsel of record for the Receiving Party in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization, provided that the requirements of Paragraphs 20–21 are satisfied;

    e.    The Court and Court personnel, including stenographic reporters;

f.      Professional vendors who are assisting outside counsel of record for the Receiving Party in this action; and

g.      Others as to whom the Producing Party has given written consent, subject to the requirements and procedures of Paragraphs 20 through 22.

16.     Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to Qualified Persons as set forth in Paragraph 15 above, as well as the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided that at least ten (10) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating CONFIDENTIAL INFORMATION, the individual to whom the CONFIDENTIAL INFORMATION is to be provided shall be identified to the Producing Party by both name and title. Prior to any such disclosure of CONFIDENTIAL INFORMATION to a Qualified Person under Paragraph 14, as well as the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, the requirements of Paragraphs 20-22 shall be satisfied.

17.     Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION may be disclosed only to Qualified Persons.

18.     Discovery Material designated as OUTSIDE COUNSEL'S EYES ONLY (may be disclosed only to OUTSIDE COUNSEL as defined in Paragraph 14 above.

19.     To the extent Discovery Material designated OUTSIDE COUNSEL'S EYES ONLY is or may be disclosed at a deposition, Amgen's designated Qualified Persons may attend the deposition except for portions that reveal the contents of Discovery Material designated OUTSIDE COUNSEL'S EYES ONLY to which such Qualified Persons would otherwise lack access.

20.     Any individual who receives Discovery Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY shall not, while this Action is pending and for a period of eighteen (18) months after their conclusion including all appeals, on behalf of any party other than the Producing Party (a) draft or prosecute, or provide counseling regarding the drafting or prosecution of, any patent application anywhere in the world relating to cinacalcet hydrochloride; (b) participate in the amendment or addition of claims in any proceeding (*e.g.*, an *inter partes* review proceeding, post-grant review proceeding, or reexamination) relating to cinacalcet hydrochloride, including applications directed to compositions, packaging, or methods of manufacture, treatment, or use; (c) have marketing, financial, or other competitive decision-making (not including decision-making as an attorney in this Action or other proceedings concerning U.S. Patent 9,375,405 or foreign counterparts) relevant or related to cinacalcet hydrochloride; or (d) be directly responsible for any filing to, or communication with, the FDA (including in any Citizen Petition or controlled correspondence), the United States Pharmacopeia, or their respective counterpart organizations in any foreign jurisdiction relating to cinacalcet hydrochloride.  Notwithstanding subpart (d), this Paragraph 20 shall not restrict any person employed by Cipla from being involved with submissions related specifically, and only, to Cipla's ANDA; subpart (d), this Paragraph 20 shall not restrict any person employed by Teva from being involved with submissions related specifically, and only, to Teva's ANDA; and this Paragraph 20 shall not restrict any person employed by Amgen from being involved with submissions related specifically, and only, to Amgen's NDA or foreign counterpart. However, as noted above in Paragraph 10, all persons receiving or having access to information designated CONFIDENTIAL,  HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY are expressly prohibited from using or disclosing such information in connection with any

practice before the FDA (including in any Citizen Petition or controlled correspondence) or their respective counterpart organizations in any foreign jurisdiction.

21.     No person identified in Paragraphs 15(b) (*e.g.*, In-House Counsel), Paragraph 15(d) (*e.g.*, experts), or Paragraph 15(g) (*i.e.*, other permitted persons) shall be provided access to Designated Information unless such person has first signed the *Declaration of Compliance* attached to this Protective Order as Exhibit A, and agreed to be subject to the jurisdiction of the Court for any proceedings concerning compliance or alleged noncompliance with this Order.

22.     The procedure for disclosing Designated Information to a person identified in Paragraph 15(b) (*e.g.*, In-House Counsel), Paragraph 15(d) (*e.g.*, experts), or Paragraph 15(g) (*i.e.*, other permitted persons) shall proceed according to the following sub-paragraphs.  Any deviations from this procedure for experts shall be considered on a case-by-case basis between the parties. Paralegals, assistants, in-house information technology providers, and clerical employees for such identified persons are exempt from the notification requirement of this paragraph and sub-paragraphs.

a.     The disclosing party shall notify the Producing Party by email of the intended disclosure accompanied by a copy of the *Declaration of Compliance* signed by the intended recipient.  For a person identified in Paragraph 15(d) (*e.g.*, an expert), the disclosing party shall further simultaneously provide a current *curriculum vitae* or equivalent resume disclosing the individual's employment history, any past or present relationship with any of the parties, all consulting engagements during the past five (5) years (the existence of which is not itself confidential), and an identification (by name and number of the case and location of court) of any litigation in connection with which the individual has testified as an expert during the previous five (5) years at trial or by deposition.

b.      The disclosing party shall not disclose any Designated Information to a person identified in Paragraphs 15(b) (*e.g.*, In-House Counsel), Paragraph 15(d) (*e.g.*, experts), or Paragraph 15(g) (*i.e.*, other permitted persons) for a period of seven (7) calendar days following the email notification and disclosure described in Paragraph 22(a).

c.      During the seven-day period, the Producing Party may object to the intended disclosure.  Any objection to the disclosure must be transmitted by email and must include the legal and factual basis for the objection and all supporting documentation.

d.      The parties shall meet and confer in good faith by telephone to attempt to resolve the objection within five (5) business days following the email notice of the objection.

e.      If the parties cannot resolve the objection within the five-day period following the email notice of the objection, the Producing Party, within five (5) business days thereafter, unless otherwise agreed to by the parties, shall initiate the procedures prescribed by the Court regarding Discovery Dispute Resolution to obtain judicial resolution of the objection.  The burden shall be on the Producing Party to demonstrate to the Court why the proposed disclosure should not be made.

f.      If the Producing Party does not timely initiate such procedures, the Producing Party waives its objection to the disclosure and the disclosing party is free to disclose the Designated Information to the identified person.  If the Producing Party initiates such procedures within the five-day period, the disclosing party shall not disclose the Designated Information to the identified person until the objection is resolved, either by the parties or the Court.  The disclosing party may seek to modify the scheduling order to prevent prejudice resulting from delayed or denied disclosure.

23.     During the course of preparing for a deposition or testimony, or during a deposition or testimony, a fact deponent or witness may not be shown Designated Information, unless:

a.      the fact deponent or witness is otherwise entitled to view the Designated Information under this Protective Order;

b.      the fact deponent or witness is a current employee or corporate representative of the Producing Party, and the Designated Information was not obtained solely from another party to this Action;

c.      the Producing Party is showing its own Designated Information to a deponent or witness representing or affiliated with the Producing Party, and the Designated Information was not obtained solely from another party to this Action;

d.      the Designated Information reveals on its face that the deponent or witness authored the Designated Information or received the Designated Information in the ordinary course of business and outside the context of this Action; or

e.      foundation testimony or other Discovery Material establishes that the deponent or witness is the author of such Designated Information or received it in the ordinary course of business and outside the context of this Action.

24.     At the deposition of a Fed. R. Civ. P. 30(b)(6) designee of a Producing Party or independent advisor, consultant or expert retained by the Producing Party, the deponent or witness may be shown Designated Information of that Producing Party.

25.     At the deposition or during testimony of any former employee of a party, such deponent or witness may be shown Designated Information of that party, if and only if: (i) the Discovery Material reveals on its face that the deponent or witness authored the Discovery Material or received the Discovery Material in the ordinary course of business; (ii) foundation

15

testimony or other Discovery Material establishes that the deponent or witness is the author of such Discovery Material or received it in the ordinary course of business; or (iii) foundation testimony or other Discovery Material establishes that the deponent or witness is otherwise familiar with the content of the Discovery Material or would have had access to the Discovery Material during the ordinary course of business or as part of their normal duties.

26.     Any document, pleading, or tangible item containing Designated Information that is filed or submitted to the Court shall be properly designated as provided in this Protective Order and filed under seal pursuant to the provisions of the Local Rules of the Court.  The Clerk of the Court is directed to maintain under seal in accordance with D. Del. LR 5.1.3 any document, pleading, or tangible item filed or submitted to the Court that has been designated, in whole or in part, under the categories provided in this Protective Order.

27.     If a party intends to disclose the Designated Information of another party during a proceeding that is open to the public, including but not limited to a trial, court appearance, or hearing, the disclosing party shall notify the Producing Party, unless consent from the Producing Party is previously obtained.

28.     If any Designated Information is revealed during a proceeding not open to the public, including but not limited to a trial, court appearance, or hearing, the transcript of such proceeding shall be considered HIGHLY CONFIDENTIAL for twenty-one (21) calendar days following receipt of the final transcript by both parties, but not thereafter unless, before the twenty-one (21) calendar day period has expired, counsel for either party notifies opposing counsel in writing that Designated Information is set forth in the transcript, or during the proceeding, counsel for any party designates the transcript as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY.  If either party designates some or

all of the transcript as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY, such portions of the transcript may be disclosed only as permitted by Paragraph 16, for portions designated CONFIDENTIAL, Paragraph 17, for portions designated HIGHLY CONFIDENTIAL, or Paragraph 18, for portions designated OUTSIDE COUNSEL'S EYES ONLY.

29.     The recipient of any Designated Information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

30.     All Designated Information shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Designated Information are not, in fact, protected, or the Producing Party agrees in writing to modify or rescind such designation.

## INADVERTENT PRODUCTION/DESIGNATION

31.     The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY within seven (7) business days from when the inadvertent failure to designate first became known to the designating party.  Failure to act within the seven (7) business day period shall not preclude the designating party from later initiating procedures with the Court to impose such a designation.

32.     A party receiving Discovery Material that a Producing Party inadvertently failed to designate as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY shall not be in breach of this Order for any use made of such Discovery Material or any

permitted disclosures of such Discovery Material made prior to being informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to Paragraph 31, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Material are returned promptly to the Producing Party or ensure that all copies of any such Discovery Material are marked with the proper designation and distributed only as permitted under this Protective Order. In the case of produced documents, the Producing Party shall, separately from any other production, reproduce the documents with the correct designation, unless the Receiving Party agrees to waive the reproduction.

## UNAUTHORIZED DISCLOSURE

33.     Except for the circumstances described in Paragraph 30, in the event of disclosure of Designated Information to any unauthorized person, whether the result of inadvertent disclosure or other causes, the disclosing party, and each party with knowledge thereof, shall immediately inform the Producing Party of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Designated Information shall also promptly take all reasonable measures to retrieve the Designated Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## OBJECTIONS TO DESIGNATIONS

34.     Any party may object to a designation and seek to remove the confidentiality restrictions set forth herein on the ground that Designated Information does not fall within the definitions of CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY set forth in Paragraphs 5–7 above. The process for making such an objection and for resolving the dispute shall be as follows:

a.     The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the Designated Information objected to as well as the reason(s) for the objection.

b.     The objecting party shall thereafter confer either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

c.     Failing agreement, the objecting party may initiate procedures with the Court seeking a ruling that the Designated Information is not entitled to such designation, as outlined in the Court's rules regarding Discovery Dispute Resolution.  The Producing Party shall bear the burden to establish that the Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY and entitled to protection under this Protective Order.

35.     Notwithstanding any such challenge to Designated Information, all such Discovery Material shall be treated as Designated Information and shall be subject to the provisions of this Protective Order until one of the following occurs: (i) the party who designated the material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY withdraws such designation in writing, or (ii) the Court rules that the designation is not proper and that the designation be removed.

**PRIVILEGED & PROTECTED DISCOVERY MATERIALS**

36.     Amgen is not required to include in its privilege logs any information generated after the filing of the complaint in *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc. and Teva Pharmaceuticals USA, Inc.* (Case No. 1:19-cv-00044). Cipla is not required to include in its privilege logs any information generated after the filing of the complaint in *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc. and Teva Pharmaceuticals USA, Inc.* (Case No. 1:19-cv-00044).  Teva is

not required to include in its privilege logs any information generated after the filing of the complaint in *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc. and Teva Pharmaceuticals USA, Inc.* (Case No. 1:19-cv-00044). For avoidance of doubt, Amgen, Cipla and Teva are not required to include information in their respective privilege logs generated after January 8, 2019.

37.     The parties will confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

38.     Any party withholding information on the basis of a claim of attorney-client privilege, work product, or any other privilege or immunity shall abide by the requirements of Fed. R. Civ. P. 26(b)(5)(A).   In the absence of an express agreement by the parties to use alternative means of satisfying the requirements for Fed. R. Civ. P. 26(b)(5)(A), the parties shall produce privilege logs in a timely manner.

39.     Federal Rule of Evidence 502(b) shall govern the inadvertent production of information subject to a claim of attorney-client privilege, work product, or any other privilege or immunity.

40.     If a Producing Party asserts that it has inadvertently produced information subject to a claim of attorney-client privilege, work product, or any other privilege or immunity, after recognizing that privileged information has been produced or disclosed, the Producing Party shall notify the Receiving Party in writing of the inadvertent disclosure. Within ten (10) calendar days thereafter the Producing Party shall provide a privilege log containing entries for each inadvertently produced document or thing.   The Receiving Party shall return or destroy the inadvertently produced information and all copies within five (5) business days of the notification. Moreover, any notes, memos or summaries, other than those expressly permitted under this

paragraph, referring to or relating to any such inadvertently produced information shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the information and generally describe its nature to the Court in any request to compel production thereof.  Such a record of the identity and nature of the information may not be used for any purpose other than preparation of a request to compel in this Action.  The substance of the inadvertently produced material shall not be included in the Receiving Party's records or in a request to compel production.  Without nullifying the Receiving Party's duty to return, sequester, or destroy inadvertently produced information, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by initiating procedures with the Court as outlined in the Court's rules regarding Discovery Dispute Resolution within twenty (20) calendar days of receiving notice that the information was inadvertently produced.  Nothing in this paragraph shall restrict the rights of any party under Fed. R. Civ. P. 26(b)(5)(B).

41.    Notwithstanding anything contained herein, the Producing Party may request the return of any document or thing under this section, which has previously been used as an exhibit in any deposition without objection by the Producing Party only within five (5) business days after the document or thing was first used as an exhibit at a deposition.  After such time period, and only to the extent allowed under Paragraph 38, and only to the extent that no testimony was given regarding the portion of the document the Producing Party claims privilege over, the Producing Party may provide a redacted version of the document, redacting only those portions of the document the Producing Party claims privilege over.  Within five (5) business days of receiving such redacted version, the Receiving Party shall return to the Producing Party or confirm in writing the destruction of all inadvertently produced, unredacted versions of the document and any notes,

memos, or summaries referring to the redacted portion of the document.  The Receiving Party may challenge the Producing Party's claim(s) of privilege or work product under Paragraph 40, *supra*.

## EXEMPTED MATERIALS

42.    None of the provisions of this Protective Order shall prevent a Receiving Party from using or disclosing any Discovery Material or Designated Information that (i) is publicly known through no unauthorized act of the Receiving Party, (ii) is shown by written evidence to have been independently developed or known by the Receiving Party, prior to its production herein without use or benefit of the Discovery Material or Designated Information, or (iii) was lawfully obtained by the Receiving Party, other than through discovery of the Producing Party, without an understanding that the Discovery Material or Designated Information would be kept confidential.  The Receiving Party shall have the burden of establishing through written evidence that such Discovery Material or Designated Information is publicly known, was independently developed or known prior to production by the Producing Party and without the benefit of the Discovery Material or Designated Information, or was lawfully obtained other than through discovery from the Producing Party.

## RETURN/DESTRUCTION OF MATERIALS

43.    Not later than ninety (90) calendar days after the final termination of this Action, whether by judgment and exhaustion of all appeals, by dismissal (with or without prejudice), or by settlement, (i) any Designated Information that resides in tangible form (*e.g.*, paper documents) shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, and (ii) any Designated Information that resides in electronic form shall be deleted.  The parties and their respective representatives, attorneys, experts, consultants, and litigation support services providers shall thereafter be prohibited from restoring such deleted electronic files. Notwithstanding any of the foregoing, outside counsel for the parties shall be permitted to retain

copies of all pleadings, work product, written discovery, correspondence, and papers filed with the Court, including exhibits, containing Designated Information for archival purposes.  Such counsel and their employees, however, shall not disclose any Producing Party's Designated Information contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order.  Not later than ninety (90) calendar days after the final termination of this Action, the Receiving Party shall certify in writing that all Designated Information has been returned or destroyed in accordance with this Paragraph.

## MISCELLANEOUS PROVISIONS

44.     "Confidential Other Product Information" means drug information related to drugs other than Sensipar® or Parsabiv®, or any equivalent of Sensipar® or Parsabiv®.  Each party may redact non-responsive Confidential Other Product Information.  To the extent Confidential Other Product Information is responsive to a request but the party receiving the document request has objected to the production of such Confidential Other Product Information, that Confidential Other Production Information may be redacted subject to the opposing party's right to move to compel the withheld information.

45.     This Protective Order is without prejudice to the right of any Producing Party to seek further or additional protection of information for which the protection of this Order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an Order that certain information may not be discovered at all.

46.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party explicitly consents to such disclosure in writing or on a transcribed record; or if the Court, after notice to all affected parties, orders or permits such disclosure.

47.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

48.     If at any time Designated Information is subpoenaed by any court, arbitral, administrative or legislative body, the party or person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for the Producing Party and shall provide the Producing Party an opportunity to object to the production of such Designated Information.  If the Producing Party does not move for a protective order within fourteen (14) calendar days of the date written notice is given, or before the return date of the subpoena if less than fourteen (14) calendar days from the date written notice is given, the party or person to whom the referenced subpoena is directed may produce the Designated Information on or after the date set for production in the subpoena.

49.     Counsel for any party to this Protective Order shall have the right to exclude from depositions any person, other than the deponent and the reporter, who is not authorized under this Protective Order to receive Discovery Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Designated Information. The failure of unauthorized individuals to leave the deposition room during any portion of the deposition which inquiries into matters deemed CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY by the Producing Party shall constitute justification for counsel to instruct the deponent that he or she should not answer a question concerning CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL'S EYES ONLY information.

50.    All notices required by this Protective Order are to be made by email to counsel representing the noticed party.   For a notice received pursuant to the requirements of this Protective Order, the date by which the receiving party shall respond or otherwise take action shall be computed from the date of receipt of the notice, and any notice required under the provisions of this Protective Order and sent after 6:00 p.m. Eastern Time shall be considered as received not earlier than the next business day.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the party granting the waiver.

51.    Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, communications, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

52.    Each person or entity who receives Designated Information agrees to subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

53.    Nothing in this Order shall prevent a party from using any Designated Information at a hearing, trial, or other proceeding in this Action.  The parties shall take all steps permitted and/or ordered by the Court and reasonably required to protect the confidentiality of such Designated Information during such use.  Designated Information shall not lose its confidential status through such use, unless used in a proceeding open to the public.

54.    This Protective Order shall survive the termination of any or all of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court and so ordered by the Court.

**OTHER PROCEEDINGS**

55.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL, HIGHLY CONFIENTIAL, or OUTSIDE COUNSEL'S EYES ONLY pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO ORDERED, this _____ day of _____, 2019

_____
The Honorable Leonard P. Stark

APPROVED AS TO FORM:

FARNAN LLP

/s/  Brian E. Farnan
Sue L. Robinson (#100658)
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Cipla Ltd. and
Cipla USA, Inc.*

OF COUNSEL:

James W. Dabney
Patrice P. Jean
Dina Hoffer
Deanne K. Cevasco
David E. Lansky
Lynn M. Russo
Richard M. Koehl
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004
(212) 837-6803

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/  Brian P. Egan
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Amgen Inc.*

OF COUNSEL:

Eric J. Stock
Kate Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX  75201
(214) 571-2900

SHAW KELLER, LLP

/s/  Karen E. Keller
Karen E. Keller (#4489)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0708
kkeller@shawkeller.com

*Attorneys for Defendant Teva Pharmaceuticals
USA, Inc.*

OF COUNSEL:

Henninger S. Bullock
Richard A. Spehr
Karen W. Lin
MAYER BROWN
1221 Avenue of the Americas
New York, NY  10020
(212) 506-2500

January 17, 2020

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS) ANTITRUST LITIGATION | ) ) ) | MDL No. 19-2895 (LPS) |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-44 (LPS) |
| AMGEN INC. and TEVA PHARMACEUTICALS USA, INC., | ) ) ) | |
| Defendants. | ) ) | |
| AMGEN INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Counterclaim-Defendants. | ) | |

## **DECLARATION OF COMPLIANCE**

I, _____ declare and state as follows:

I live at _____. I

am employed as a _____ (state position) by

_____ (state name and address of employer).

I have read the Protective Order entered in this case, a copy of which has been given to me.

I understand and agree to comply with and be bound by the provisions of the Protective Order,

including that upon receipt of any Confidential and/or Highly Confidential and/or Outside

Counsel's Eyes Only Information, I will be personally subject to the Protective Order, and to all of

its requirements and procedures.

At the final termination of these litigations, I will destroy or return to counsel all documents or things consisting of or containing Confidential and/or Highly Confidential and/or Outside Counsel's Eyes Only Information.

_____ By initialing here, I further state that I am an In-House Counsel employed by a party to these litigations, or a parent or subsidiary to a party to these litigations and identify myself as an authorized in-house recipient of Confidential Information or Highly Confidential Information according to the provisions of Paragraph 15 of the Protective Order.

I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and connect.

Signature: _____

Executed:_____
       (date)