IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS) ANTITRUST LITIGATION | ) ) ) | MDL No. 19-2895 (LPS) |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 19-44 (LPS) |
| AMGEN INC. and TEVA PHARMACEUTICALS USA, INC., | ) ) ) ) | REDACTED - PUBLIC VERSION<br><br>Original filing date: March 23, 2020 |
| Defendants. | ) | Redacted filing date: March 27, 2020 |
| AMGEN INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| CIPLA LTD. and CIPLA USA, INC., | ) ) | |
| Counterclaim-Defendants. | ) | |

**DEFENDANTS' JOINT UNOPPOSED MOTION TO
REDACT D.I. 123, 124, 126, 182, 197**

Pursuant to this Court's March 13, 2020 Oral Order (D.I. 265, C.A. No. 19-44),[1] February 19, 2019 Order (D.I. 55, C.A. No. 19-44), and March 12, 2019 Order Regarding Redactions (D.I. 128, C.A. No. 19-44) (collectively, the "Redaction Orders"), Defendants Amgen Inc. ("Amgen") and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants") hereby respectfully submit this motion in support of limited redactions to the following documents:

1. Declaration of Christos Georghiou In Support of Amgen Inc.'s Motion for a Preliminary Injunction (the "Georghiou Declaration") (D.I. 123, C.A. No. 19-44);

---

[1] Pursuant to the Court's March 13 Order and D. Del. L.R. 7.1.1, the parties met and conferred, and Cipla Ltd. and Cipla USA, Inc. confirmed that they do not oppose Defendants' Motion.

2. Declaration of Jerry A. Hausman In Support of Amgen Inc.'s Motion for a Preliminary Injunction (the "Hausman Declaration") (D.I. 124, C.A. No. 19-44);

3. Declaration of Joshua I. Rothman In Support of Amgen Inc.'s Motion for a Preliminary Injunction (the "Rothman Declaration") (D.I. 126, C.A. No. 19-44);

4. April 2, 2019 Transcript of Temporary Restraining Order and Preliminary Injunction Hearing (the "PI Hearing Transcript") (D.I. 182, C.A. No. 19-44); and

5. Plaintiffs' Brief In Opposition to Amgen's Expedited Motion for an Injunction Pending Appeal (the "Injunction Opposition Brief") (D.I. 197, C.A. No. 19-44).

We refer to these documents collective as the "PI Documents." The Parties (Defendants and Cipla) have agreed that the majority of the redactions in the PI Documents can be removed. Six other documents were addressed by the motions identified by the Court; the Parties have agreed no redactions are necessary to those documents.[2]

The grounds for this motion are set forth below. Highlighted versions of the proposed redactions are attached hereto as Exhibits A–E, which show both the content that was formerly redacted but the Parties have agreed can be filed publicly (which is highlighted in green), and the content that Defendants are moving to redact (which is highlighted in red). Redacted versions are attached as Exhibits F–J.

---

[2] The Parties have agreed no redactions are necessary to the following documents:
1. Amgen Inc.'s Partial Answer and Counterclaims to Cipla's First Amended Complaint (D.I. 120, C.A. No. 19-44) (subject of D.I. 153);
2. Amgen Inc.'s Opening Brief In Support of its Motion for a Preliminary Injunction (D.I. 122, C.A. No. 19-44) (subject of D.I. 153);
3. Declaration of Colman B. Ragan, Esq. In Support of Amgen Inc's Motion for a Preliminary Injunction (D.I. 125, C.A. No. 19-44) (subject of D.I. 153);
4. Amgen Inc.'s Reply Brief In Support of its Motion for a Preliminary Injunction (D.I. 170, C.A. No. 19-44) (subject of D.I. 172);
5. Amgen Inc.'s Letter to the Court, filed April 23, 2019 (D.I. 180, C.A. No. 19-44) (subject of D.I. 183); and
6. Amgen Inc.'s Reply Brief In Support of its Expedited Motion for an Injunction Pending Appeal (D.I. 199, C.A. No. 19-44) (subject of D.I. 202).

## LEGAL STANDARD

Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678. The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). And where, as here, the "case involves private litigants" and their confidential information, the interest of the party in maintaining the confidentiality of the proposed redacted information outweighs countervailing public interests. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

## ARGUMENT

With these principles in mind, Defendants respectfully request that their unopposed proposed redactions to the PI Documents be permitted. All of the proposed redactions (1) apply to commercially sensitive terms or potential rights and obligations under confidential agreements not at issue in this litigation; (2) are consistent with the Court's directives provided in its Redaction Orders (D.I. 55, 128, 265); and (3) relate to information that has not been made public in this litigation or through the appellate process. Defendants have taken care to avoid proposing

3

redactions to legal theories or claims, or information necessary to "fairly reveal what is in dispute and the reasoning for the Court's decision." D.I. 192, C.A. No. 19-44.

It is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Mars*, 2007 WL 496816, at *2. Public disclosure of confidential terms may "dampen [the party's] ability to negotiate effectively favorable terms" in the future and cause it to "suffer a competitive injury by having its [c]onfidential [i]nformation disclosed to the public." *Id.* Accordingly, Defendants respectfully request approval of the following proposed redactions.

### A. Proposed Redactions to the Georghiou and Hausman Declarations (D.I. 123, 124)

For the Georghiou and Hausman Declarations, Defendants propose redacting only the specific percentage of Sensipar® sales reimbursed by Medicare. *See* Georghiou Declaration, D.I. 123, C.A. No. 19-44, at 3; Hausman Declaration, D.I. 124, C.A. No. 19-44, at 3. The specific percentage of Sensipar® volume that is reimbursed through Medicare is commercially sensitive and is immaterial to the claims at issue in this litigation. Accordingly, Defendants respectfully request that the Court allow those percentages to remain redacted.

### B. Proposed Redactions to the Rothman Declaration (D.I. 126)

Defendants propose that the entirety of the draft settlement agreement between Amgen and Cipla, attached as Exhibit A to the Rothman Declaration, remain redacted. *See* D.I. 126, C.A. No. 19-44, at 3–42. The vast majority of terms in the draft settlement agreement are irrelevant and immaterial to the Parties' dispute, and the full text of the draft settlement agreement is unnecessary to understand the issues or the Parties' claims. Furthermore, the context and narrow portions of the draft settlement agreement that are relevant to the drafting history of Section 5.5(a) of the Amgen-Cipla Agreement will be made public in the PI Opening

4

Brief. *See* D.I. 122, C.A. No. 19-44, at 12. Amgen cited the draft settlement agreement in the PI Opening Brief for the limited purpose of arguing that the document showed Cipla's understanding of Section 5.5(a) of the Amgen-Cipla Agreement. *Id*. Thus, making the entirety of the draft settlement agreement public is unnecessary, as the public will already have the information necessary to understand the relevant issues and claims. Finally, disclosing unnecessary details about the negotiation of the Amgen-Cipla Agreement in the form of a redline draft would severely injure the ability of the Parties and others "to negotiate effectively favorable terms" in the future. *See Mars*, 2007 WL 496816, at *2. Therefore, Defendants submit that the Parties' interest in the confidentiality of settlement negotiations outweighs the limited public interest in the disclosure of the draft settlement agreement.

Additionally, Defendants propose redactions to two sentences of the email from Anil Patel to Joshua Rothman, dated February 22, 2018, also attached as Exhibit A to the Rothman Declaration, pertaining to the changes in the draft. D.I. 126, C.A. No. 19-44, at 2. The same justifications that support redaction of the draft settlement agreement also support redaction of these sentences. This proposed redaction relates only to the status of the confidential settlement negotiations between Cipla and Amgen, not to Cipla's understanding of Section 5.5(a) of the final Amgen-Cipla Agreement. Therefore, these sentences are not necessary to understand the issues and claims in this case. Furthermore, the unnecessary disclosure of settlement negotiations would undermine the ability of the and others to negotiate such settlements in the future. Therefore, the Parties' "interest in secrecy outweighs the presumption" of disclosure. *Cendent Corp.*, 260 F.3d at 194. Accordingly, Defendants respectfully request that the Court allow the draft settlement agreement and the above references to the negotiation thereof to remain redacted.

### C. Proposed Redactions to the PI Hearing Transcript (D.I. 182)

Defendants propose that the portions of the PI Hearing Transcript that reveal the terms of Teva's confidential agreements with third parties remain redacted. Specifically, the PI Hearing Transcript references Teva's ███████████████████████ *See* D.I. 182, C.A. No. 19-44, at 25, 27, 39–41, 57. These references reveal commercially sensitive information of third parties, and therefore certain references to these agreements should remain redacted. Furthermore, the PI Transcript also reveals "specific terms" of a confidential agreement by reciting provisions of the ████████████████████████ which also justifies the proposed redactions. *See* Order Regarding Redactions, D.I. 128, C.A. No. 19-44, at 1. Therefore, the interests of both Defendants and third parties in redaction outweighs the public interest in disclosure. *See Cendent Corp.*, 260 F.3d at 194. Accordingly, Defendants respectfully request that the Court allow certain references to Teva's confidential agreements to remain redacted.

### D. Proposed Redactions to the Injunction Opposition Brief (D.I. 197)

Finally, Defendants respectfully request that that the Court permit redactions in the Injunction Opposition Brief to references to confidential provisions of Amgen's agreements with third party generic manufacturers. Specifically, the Injunction Opposition Brief discusses the differences in pre-commercialization terms between Section 5.6 of the Amgen-Cipla agreement and Amgen's settlement agreements with ████████. *See* D.I. 197, C.A. No. 19-44, at 12–13. Redacting references to specific third-party generic manufacturers is consistent with the redactions applied to the Parties' motion to dismiss briefing, protects the sensitive commercial information of third parties, and allows the Parties and third parties "to negotiate effectively favorable terms" in the future. *See Mars*, 2007 WL 496816, at *2 (further noting that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public"). Accordingly, Defendants respectfully request

that the Court allow references to Amgen's confidential agreements with ▇▇▇▇▇▇ to remain redacted.

## CONCLUSION

For the reasons explained above, Defendants respectfully request approval of their proposed redactions.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Brian P. Egan* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Megan Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com<br>mdellinger@mnat.com<br><br>*Attorneys for Defendant Amgen Inc.* | Karen E. Keller (#4489)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br><br>*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |

March 23, 2020