IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIPLA LTD. and CIPLA USA, INC., | |
| Plaintiffs, | |
| v. | C.A. No. 19-44-LPS |
| AMGEN INC., and TEVA PHARMACEUTICALS USA, INC., | |
| Defendants. | |

ORDER REGARDING REDACTIONS

At Wilmington this **8th** day of **May, 2020**, having reviewed Defendants' various

proposed redactions (cited throughout this Order), **IT IS HEREBY ORDERED**, for the reasons

detailed below, that:

1.      The parties shall cooperate and publicly file, no later than **May 15, 2020**, redacted

versions of each of the following documents and any associated exhibits in a manner consistent

with the Court's prior instructions and the following rulings:

> A.   *Defendants' Declaration of Christos Georghiou in Support of Amgen Inc.'s*
>
> *Motion for a Preliminary Injunction* (the "Georghiou Declaration") (D.I. 123): the
>
> redacted version filed under seal at D.I. 269 Ex. F is acceptable.
>
> B.   *Defendants' Declaration of Jerry A. Hausman in Support of Amgen Inc.'s Motion*
>
> *for a Preliminary Injunction* (the "Hausman Declaration") (D.I. 124): the redacted
>
> version filed under seal at D.I. 269 Ex. G is acceptable.
>
> C.   *Defendants' Declaration of Joshua I. Rothman In Support of Amgen Inc.'s Motion*
>
> *for a Preliminary Injunction* (the "Rothman Declaration") (D.I. 126): working
>
> from the redactions proposed by Defendants at D.I. 269 Ex. C, the proposed

redactions are acceptable except as otherwise stated below: (a) Section 5.5(a) on pages 11 to 12 of the draft settlement agreement must be unsealed. Defendants cited and quoted this section of the draft settlement agreement in Amgen's Opening Brief in Support of its Motion for a Preliminary Injunction (D.I. 122 at 12) for the purpose of showing Plaintiffs' understanding of Section 5.5(a) of the Amgen-Cipla Agreement. (D.I. 269 at 4) The parties have already agreed no redactions are necessary to Amgen's Opening Brief in Support of its Motion for a Preliminary Injunction (D.I. 122) (subject of D.I. 153), including this discussion of the draft settlement agreement. (*See* D.I. 269 at 2 n.2) As such, the Court is not persuaded that disclosure of Section 5.5(a) of the draft settlement agreement would result in serious competitive injury. *See, e.g.*, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 512 (D. Del. 2012) ("Defendants have failed to demonstrate how the disclosure of non-financial terms from such agreements could cause a serious injury to current or future patent license negotiations."). Defendants' fear of competitive disadvantage from disclosure of this limited portion of the draft settlement agreement does not outweigh the strong presumption in favor of the public's interest in access to judicial proceedings and records. *See id.*

D. *April 2, 2019 Transcript of Temporary Restraining Order and Preliminary Injunction Hearing* (the "P.I. Hearing Transcript") (D.I. 182): the redacted version filed under seal at D.I. 182 Ex. D is acceptable.

E. *Plaintiffs' Brief in Opposition to Amgen's Expedited Motion for an Injunction Pending Appeal* (the "Injunction Opposition Brief") (D.I. 197): working from the

redactions proposed by Defendants at D.I. 269 Ex. E, the proposed redactions are acceptable except on page 12: "that have no counterparts in at least some other settlement agreements Amgen has put before the Court" should not be redacted.

2.     Defendants' Joint Unopposed Motion to Redact D.I. 123, 124, 126, 182, 197 (D.I. 269) is **GRANTED** to the extent consistent with the above rulings.


HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT